Sutton vs. Sutton.

**ABNER SUTTON**, plaintiff in error, vs. **EBENEZER SUTTON**, defendant in error.

| 25 | 383 |
| 128 | 535 |
| 25 | 383 |
| 130 | 105 |

[1.] When the mortgagor against whom a rule is taken, to foreclose a mortgage, makes no resistance, it is not competent for a third person to interpose objections; neither will the Court itself of its motion do so.

[2.] A discrepancy between the debt and the mortgage given to secure it, may be explained by parol proof; and the creditor will not be driven into equity for that purpose.

Mortgage from Bryan county. Decided by Judge FLEM-ING, April Term, 1858.

This was an application to foreclose a mortgage which had been made of a tract of land by Ebenezer Sutton to Abner Sutton, for the better securing the payment of certain promissory notes.

Upon the hearing of the application to render absolute the *rule nisi* for foreclosure, which had been granted, the mortgagor made no objection, but one William Strickland prayed to be made a party defendant, and opposed the making of the rule absolute, on the following grounds:

1st. That this Court cannot grant the rule absolute, because the mortgage under which foreclosure is sought to be had, does not specify and locate any particular tract of land; the only description of the premises mortgaged, contained in said deed of mortgage, being too indefinite.

2d. Because the tract of land mentioned in the *rule nisi* is not the tract mentioned in the deed of mortgage.

3d. Because the tract of land described in the sa'd *rule nisi*, is not the property of the defendant Ebenezer Sutton, but the property of William Strickland.

4th. Because the notes mentioned in the said *rule nisi*, are not the notes mentioned in the said mortgage.

5th. Because there are interlineations which are unaccounted for and unnoticed, affecting the validity of the said mortgage.

Plaintiff's attorneys objected to the said William Strickland being heard and it was agreed at the suggestion of the Court, that the rule should be made absolute, but that such judgment of foreclosure should remain subject to the legal opinion of the Judge.

The Judge subsequently decided that the rule absolute so granted should be set aside.

Plaintiff's counsel thereupon moved the Court to allow him to introduce parol testimony to explain the discrepancy between the notes and mortgage, and to show that the mortgage was intended to secure the notes. This motion the Court refused on the ground that after the setting aside the judgment of foreclosure, the case was out of Court, and that the testimony was inadmissible under any circumstances.

Plaintiff's counsel thereupon filed his bill of exceptions, saying that the Court erred:

1st. In deciding that said William Strickland had no right to be heard in said cause by himself or counsel.

2d. In ruling that parol evidence was inadmissible to explain the discrepancy between the notes offered in evidence and those mentioned and recited in the mortgage, and to show that the notes offered in evidence were the notes intended to be secured by said mortgage: the mortgagor being in Court and not objecting to such evidence.

3d. In setting aside said rule absolute, and in refusing to allow plaintiff's counsel to introduce evidence to explain the discrepancy aforesaid, and to show that the notes offered were the notes intended to be secured by said mortgage on the day said decision was filed.

GAULDEN, for plaintiff.

WARD; OWEN & JONES, contra.

By the Court.—LUMPKIN, J. delivering the opinion.

A rule nisi had been taken and duly served to foreclose a mortgage; one William Strickland by his counsel in-

tervened, on application to make the rule absolute, and insisted that there were such discrepancies between the debt and the mortgage, and vagueness in the description of the land, that no foreclosure could be made. Other objections were interposed as to interlineations in the mortgage deed, &c.

The Court granted the rule absolute, but took time to consider the questions made in the case. The mortgagor himself was present in Court, making no objection to the proceeding; and it does not appear that Strickland was any way interested.

At the next Term of the Court, the Judge held that the discrepancy was fatal; neither could it be explained by parol proof, at law; but that the mortgagee must go into equity to reform the instrument. The Court also decided that Strickland could not be heard, but that he would of his own accord refuse the motion.

[1.] We cannot give to this judgment our approval. Why go into chancery when the mortgagor acknowledges by his silence at least, that the mortgage was given to secure the indebtedness included in it? If he was satisfied, who else had any right to gainsay the foreclosure? No one. And we are clear that the Court erred in overruling the motion. Should it turn out that there was fraud and collusion between the parties, which is not pretended, the judgment can be attacked hereafter by any body whom it seeks to disturb, except the mortgagor himself. Sufficient unto the day is the evil thereof.

I would merely add, that by a recent Act of the Legislature, (*Laws*, 1857, *p.* 58,) mistakes in *grants* may be shown by parol proof, in suits both at law and in equity. It is needless to attempt to exclude parol testimony, as to mistakes in other instruments.

Judgment reversed.