Shaver vs. McLendon.

WILLIAM B. SHAVER, plaintiff in error, vs. MACK W. McLEN-
DON, defendant in error.

By mistake, a forthcoming bond was made payable to *James* B. Shaver instead
of to *Wm.* B. Shaver.

*Held,* That Wm. B. Shaver might sue at law on the bond, and show the mistake
there.—BENNING J.

Suit on bond, from Marion. Tried before Judge WORRILL,
March Term, 1858.

This was an action of debt on a bond. The plaintiff, Wm.
B. Shaver, had obtained execution in a Justices Court against
A. J. Simmons, James M. Adams and James M. Davis, and
had it levied upon a bale of cotton. A claim was interposed
by one Sidney B. Simmons to said cotton; and through mis-
take, the bond for the forthcoming of the same, was made
payable to *James B.* Shaver, when it was the intention tò
make it payable to the plaintiff in *fi. fa.* The claim was
tried, and the cotton found subject to the *fi. fa;* and the sale
again advertised, when the property was not forthcoming to
satisfy the demand of the plaintiff.

The plaintiff then brought suit on the bond, and offered on
the trial in evidence, the bond made payable as before sta-
ted; and further proposed to prove, that the same was made
payable to said *James* B. Shaver by mistake; and that said
James B. had no execution in said Court; and also offered
said *fi. fa.* in favor of plaintiff, together with the claim; the
verdict of the jury finding the property subject to the *fi. fa;*
also the judgment of the Court on the verdict, and also to
prove by the constable levying the *fi. fa.,* that he advertised
said property, and that the same was not forthcoming, and
also the value of said property levied on; to all of which tes-
timony the defendant's counsel objected, upon the ground
that it was an attempt to correct said bond, and if the plain-
tiff had any remedy, it was in a Court of Equity.

Which objection the Court sustained, and on motion dis-

missed plaintiff's action; whereupon, plaintiff by his counsel excepted, and assigns the same as error.

BLANFORD & CRAWFORD, for plaintiff in error.

DAVIS & HUDSON, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

It is admitted on all hands, that the plaintiff might recover on this bond and his offered proof, in equity. But what is there to prevent him from doing so in like manner at law.

I think, there is nothing. "Whenever" "a plaintiff or complainant shall conceive, that he she or they, can establish his her or their claim, without resorting to the conscience of the defendant, it shall and may be lawful for every such plaintiff or complainant, to institute his her or their action upon the common law side of the Court, and shall not be held to proceed with the forms of equity; any law or usage to the contrary notwithstanding." *Cobb Dig.* 464.

This, as it seems to me, is an authority to the plaintiff to proceed at law in this case. I therefore, think that the Court erred in not admitting the evidence, to the mistake.

Judgment reversed.

LUMPKIN J. concurring.

McDONALD J. dissenting.

I think the decision of the Court below ought to be sustained. I know of no precedent or authority for going to the extent proposed here. The suit is on a bond. The obligor's name is wrong, and it is proposed to make that right by averment and proof. The bond was given on filing a claim. The condition of the bond recites, that *James A. Davis* was the plaintiff in the *fi. fa.,* and that Albertus J. Simmons and James W. Adams were security. The *fi. fa.* to

support the recital, is in favor of William B. Shaver, as plaintiff, and against A. J. Simmons, James M. Adams and *James W. Davis*, defendants.

Perhaps, in States which have no Courts of Chancery, this kind of proceeding might be allowed, but certainly on no *legal* principle. The case of *Isaac Coleman vs. John Crumpler et al., (2d Dew. Law Rep.* 508,) is very much like this. That was a suit on a bond in which A. and B. were defendants. It was held, that the record of a suit in which B. and C. were defendants, did not support the breach assigned, and that parol evidence that the name of C. was inserted in the bond by mistake, instead of the name of A., was inadmissible. The Chief Justice, in delivering the opinion of the Court, said that it was too well settled to require either argument or authority to show, that a written document cannot, by parol, be made to mean any thing but what its word, that is, itself imports. It certainly cannot be contradicted. He said he entered not into the doctrine of ambiguities, either latent or patent. The case did not require it. He remarked further, that parol evidence could not *bend* the bond to the record, nor the record to the bond. The bond is the contract of the parties, and to say that a wholly different contract may be set up by parol, from that which the writing between the parties makes, in a Court of Law, when a party, against whom the evidence is to operate, cannot complain, or admit, or deny, is to open the door to great mischiefs, and to place more reliance on the frail memory of witnesses, than on an infallible writing. I think the presiding Judge ruled correctly, and that his judgment ought to be affirmed.