McCrary vs. Caskey.

---

STERLING J. McCRARY, plaintiff in error, vs. SAMUEL CASKEY, defendant in error.

A promissory note dated in December, was expressed to be payable on the 25th day of December, next." Parol evidence was offered to show, that the 25th day of December, intended, was the 25th day of the same December, in which the note was made.

*Held,* That the parol evidence ought to have been received.

Debt, from Schley county. Decision by Judge WORRILL, at August Term, 1853.

This was an action by Sterling J. McCrary, against Samuel Caskey, on a promissory note of which the following is a copy:

"By the 25th day of December next, I promise to S. J. McCrary, or bearer, two hundred and thirty-five dollars, for value received. This December 1st, 1852."

(Signed,)      "SAMUEL CASKEY."

The note was endorsed with a credit for one hundred and fifty dollars, January 17, 1853.

McCrary vs. Caskey.

The second Count in the declaration, set out and averred that defendant made his certain other instrument in writing, called a promissory note, " whereby, by the twenty-fifth day of December next, (meaning the 25th day of December, then instant,) the defendant promised," &c.

The defendant pleaded the general issue and failure of consideration.

Upon the trial, plaintiff introduced the note and closed.

Defendant moved to dismiss the case upon the ground, that suit was commenced before the note was due.

The declaration was filed in the Clerk's office, 21st December, 1853, and defendant served 9th January, 1854.

Plaintiff offered to prove that the note, though payable the 25th day of December next, and dated the first day of the same month, was so written by mistake, and was in fact, intended to be payable the 25th day of December, then instant.

The Court refused to admit this proof, and dismissed the action, and plaintiff excepted.

McCAY & HAWKINS; COOK & MONTFORT, for plaintiff in error.

E. H. BEALL, and SCARBOROUGH, *Contra*.

*By the Court.*—BENNING, J. delivering the opinion.

We think, that the parol evidence was admissible to show the mistake in the time of the maturity of the note. It is conceded, that such evidence would be admissible for that purpose, if the case were in equity, and there can be no doubt, that it would. But why should we drive the plaintiff into equity, if he can, as well, obtain redress at law. There is no reason why we should. Indeed there is a statute which says, that we shall not. It says, that in such a case, a plain-

tiff "shall not be held to proceed with the forms of equity." That is the statute of 1820, giving to plaintiffs the right to sue at law, in all equity cases, if he "conceives," that he can "establish" "his claim" "without resorting to the conscience of the defendant."

Judgment reversed.