29　427<br>90　188

M. A. HARDEN, et al., plaintiffs in error, vs. WEBSTER, PARMELEE & Co., for use of, &c., defendants in error.

[1.] A certificate in the following form: "The above and foregoing is a true copy," &c., is a sufficient authentication of a record.

[2.] When suit is brought against the claimant on his forthcoming bond, it is too late to insist that the appeal was not regularly entered in the proceedings, in which the property was found subject.

[3.] In a suit upon a forthcoming bond, the execution under which the levy was made, is not only relevant but indispensable testimony to make out the case.

[4.] When the forthcoming bond in reciting the execution varies, slightly, from the *fi. fa.* itself, it is a mere question of identity, for the jury to pass upon; or, if it is evidently a mere clerical mistake, the Court itself perhaps, would have the right so to determine.

[5.] An instrument with a scrawl annexed to the signatures, is a bond, without purporting to be such upon its face.

Debt, in Cass Superior Court.   Tried before Judge Crook, March Term, 1859.

All the facts necessary to a full understanding of the points adjudicated in this case, are stated in the opinion of the Court.

SHROPSHIRE, MILNER & PARROTT, for plaintiffs in error.

WALKER, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

The facts in this case are complicated, and it would be a useless labor to go through them all in detail.   All I propose is, to examine very briefly some of the leading points.

[1.] The first objection is, to the sufficiency of the Clerk's certificate, of the exemplification of the records, from the Superior Court of Habersham county.   The language of the certificate is, " the above and foregoing, is a true copy," &c. The complaint is, that it does not purport to be a full and entire transcript.   In substance we think it does.

[2.] The second assignment is, that the plaintiff in execution confessed judgment to the claimant, reserving the right of appeal; and that it does not appear from the record, that any appeal was ever entered.

We do not think the regularity of the appeal can be attacked in this collateral way.   No exception was taken to it at the time, and in the Court where the proceedings were pending.   The claim was withdrawn, and a final judgment entered upon the appeal.   In point of fact, the appeal was properly entered.   The execution had been assigned by Webster, Parmelee & Co., the plaintiffs, before even the levy was made, and the appeal was entered by the assignee, instead of the original plaintiffs.   Had the appeal been defective, and the objection taken at the time, it could have been

amended. The other grounds of objection to the appeal, are not insisted upon; and are not sustainable if they were.

[3.] It is next objected, that the execution tendered in evidence, is irrelevant. We think on the contrary, that it was indispensable to the maintenance of the suit on the forthcoming bond. And according to the evidence in the case, it was after the claim was withdrawn, the two negroes, John and Betsey, were re-advertised for sale, and for the first Tuesday in October, 1842. The Cassville Pioneer was admitted in evidence, to prove this fact. It was again re-advertised in August, 1849, within seven years of the previous levy; what became of the first levy, or why so much time intervened between the first and second advertisement of the negroes, the record does not disclose. The *fi. fa.* was not dormant in 1849; and the advertisement of that date was a sufficient notification, to the obligors upon the forthcoming bond, to produce the property on the day of sale.

[4.] It is objected, that there is a material variance between the execution and the recital of it in the forthcoming bond. And it is true, that in one, McLaughlin is said to be the principal defendant, and Powell the original security, and John H. Jones the security on appeal. And in the other, the names of McLaughlin and Powell are reversed. But this was a question of identity. No one could doubt that it was a mere clerical mistake, a *lapsus pennæ*. It was a question for the jury. The Court itself, perhaps had the right to determine, that the alleged variance amounted to nothing.

[5.] Was the instrument sued upon, a bond? It had the scrawl annexed to the signatures of the obligors. Even before the Act of 1838, such a paper was generally held to be a bond. That Act declared it to be so; and even that an instrument purporting to be a bond, was such, without the scrawl. The contrary had been the prevailing opinion, as to this latter class of writings.

There was no motion for a new trial in this case, and we see no reason to send it back for that purpose. And affirm generally all the rulings of the Court below.

Judgment affirmed.