## THOMPSON vs. HALL & LONG.

1. Suit being brought by Hall & Long on a bond which was on its face payable to Hull & Long, and which recited that it was made in accordance with a certain order of the chancellor, parol testimony was admissible to show that the bond was the same which was given under the order of the chancellor on a bill filed by Hall & Long. Courts of law may correct such mistakes without resort to equity.

(*a*.) No objection was made to the pleadings.  Had it been, were equitable pleadings necessary ?   *Quære*.

2. On a bill for injunction and receiver, the chancellor may grant a temporary injunction on terms, and also provide terms on compliance with which the injunction and the receiver will be refused.  A bond provided as such a condition would be a privilege offered to the defendant, not a mandate on him.

(*a*.) Though it may be doubtful whether the chancellor had power at chambers to provide for the bond which he did, yet if one, of his own accord, became a security on a bond so given by the defendant, as to him it would be a good, voluntary bond.

Evidence.    Pleadings.    Bonds.    Contracts.    Jurisdiction.    Equity.    Before Judge CLARK.    City Court of Atlanta.    June Term, 1881.

Reported in the decision.

L. E. BLECKLEY; N. J. HAMMNOD, for plaintiff in error.

JOHN L. HOPKINS, for defendants.

SPEER, Justice.

Hall & Long brought this suit against Joseph Thompson, as security for Lovejoy, to recover of him the sum of two thousand dollars claimed to be due and payable on a bond. It was alleged that said bond was made and delivered in conformity with an order recited in the bond; and that on the —— day of May, 1880, in said superior court, in said cause, a verdict was had for the plaintiffs, and a final decree rendered against Lovejoy, the principa- for the sum of three thousand and fifty-two dollars and ninety-three cents, with interest for the goods in said Lovejoy's possession at the date of filing said bill and not subsequently returned, and for those disposed of by said Lovejoy before said bill was filed, whereby said Thompson became liable to pay petitioners two thousand dollars, which he refused to do.

To this suit Thompson pleaded the general issue, and also that he never made said bond sued upon to Hall & Long, but the bond which he did make was to Hull & Long.

On the trial of the case, plaintiffs introduced Mr. Glenn, who testified, over the objection of defendant's counsel, "the bond was given under the authority of the order of Judge Warner, on the bill filed by Hall & Long vs. Lovejoy, although the obligees of the bond appear to be Hull & Long." To the admission of this evidence defendant below excepted.

The bill of Hall & Long filed in the superior court of Fulton county against Lovejoy "for injunction, relief,

etc., and for the appointment of a receiver," was also tendered in evidence. On said bill was the following order of the chancellor:

"CHAMBERS, April 1st, 1867.

" Read and sanctioned ; when the complainant's shall have given bond and good security in the sum of four thousand dollars payable to defendant for the eventual condemnation money in this case, then let the state's writ of injunction and subpœna issue, each in the penalty of four thousand dollars, enjoining the defendant from removing or disposing of the goods in the warehouse of Cox & Hill in accordance with the prayer of complainant's bill. It is further ordered that defendant enter into bond with good security in the sum of two thousand dollars conditioned to pay the plaintiffs such judgment or decree as shall or may be rendered against them upon the final hearing of this cause, for the goods now in the possession or heretofore disposed of by them, embraced in complainant's bill.

(Signed), HIRAM WARNER, *J. S. C. C. C.*"

The bond was given in pursuance of the foregoing order by the respondent and Thompson in the sum of two thousand dollars payable to Hull & Long instead of Hall & Long. The suit against respondent proceeded to a decree. The jury finding that Lovejoy had procured the goods fraudulently, a recovery was had against him for the sum of $3,052.00, with interest.

The bond and record contained in the bill were objected to as evidence, the bond on account of its being payable to Hull & Long, when it was declared on as payable to Hall & Long, and because the order of the chancellor under which the bond was made was void, and because it was not such an order as the chancellor could pass *ex parte* at chambers, and as an interlocutory proceeding upon the bill and prayer therein contained, and the bond was therefore illegal and void. The court overruled the objections and admitted the bond and record in evidence. A verdict was had for the plaintiffs against Thompson for the amount of the penalty of the bond. Defendant made a motion for a new trial, which was refused by the court and defendant excepted.

The grounds of the motion relied upon before this court were :

(1.) The error of the court in allowing the testimony of Mr. Glenn.

(2.) In admitting in evidence the bond of defendant sued on with the accompanying record of the equity suit.

1. The first question presented is, was it competent for the witness, Mr. Glenn, to show that the bond sued on was the bond given under the order of the chancellor in the equity cause then pending in favor of Hall & Long, the bond offered being payable to Hull & Long.

That this was a mistake in making the bond sued on payable to Hull & Long, instead of Hall & Long, cannot be doubted from the whole of the surrounding circumstances, and that such a mistake is relievable in equity is beyond doubt; and if so, why not at law under our liberal statute, with proper averments? Any mistake consisting of "some unintentional act, or omission, or error, is relievable in equity," and also now at law. We scarcely regard this an open question in this court. In 25 *Ga.*, 383, it was held that where there was a discrepancy between the debt and mortgage given to secure it, it might be explained by parol proof at law, and the creditor need not be driven into equity for that purpose. So in 26 *Ga.*, 228, where a forthcoming bond was made payable to Jas. B. Shaver instead of W. B. Shaver, it was held that W. B. Shaver might sue at law and show the mistake. So, a promissory note being dated in December and payable 25th December next, it was held that it might be shown by parol that the note was intended to be payable 25th of the same December that it was made. 27 *Ga.*, 54. See also 46 *Ga.*; 32 Vt., 833. In a recent case decided by this court of *Jackson et al. vs. Johnson et al.*, at the present term, being a suit on an administrator's bond that purported to be for one hundred and fifty dollars, parol proof was admitted as to the value of the estate of the deceased and that the bond was intended to be for one hundred and fifty thousand dollars. What was the true intention of the parties to the contract is always admissible in case of alleged clerical mistakes, etc.

In the cases cited there seem to have been no averments as to the mistakes; in this case the objection to proving this mistake did not rest upon the ground of want of pleadings, but on the ground of irrelevancy. Were averments necessary to correct a clerical mistake in supplying the one-fourth of a letter—that is to change the letter " u " to an " a "?   We think this is insisting on an averment hardly necessary.   We see therefore no error in admitting this testimony.

2. The next question is, was the order of the chancellor at chambers ordering and directing the defendant to enter into bond with good security in the sum of two thousand dollars, conditioned to pay the plaintiffs such judgment or decree as shall or may be rendered against him upon the final hearing of this cause, for the goods now in possession or heretofore disposed of, such an order as he could lawfully grant.

The chancellors have authority to grant bills *quia timet*, writs of injunction, prohibition and *ne excat*, and all other writs original or remedial either in law or equity that may be necessary to the exercise of their jurisdiction, which is not expressly prohibited. Code, §247. So a court of equity may appoint a receiver to take possession of and hold, subject to the direction of the court, any assets charged with the payment of debts where there is manifest danger of loss or destruction, or material injury to those interested.   The terms on which a receiver is appointed shall be in the discretion of the chancellor. Code, §3149.   And, under our law, the jurisdiction of a chancellor in equity jurisprudence embraces the same matters of jurisdiction and modes of remedy in Georgia as was allowed and practiced in England. Code, §3100. So, on the appointment of a receiver the chancellor may, in his discretion, require the receiver to give bond. On the appointment of a receiver, a chancellor may in vacation enforce the delivery of such fund or property in litigation to the receiver by attaching and imprisoning any party refusing obedience to his order.   34 *Ga.*, 162.

Let it be borne in mind that this bill was filed not only for injunction but for the appointment of a receiver; under this appointment, the respondent could have been compelled to have surrendered this property to the receiver thus appointed under pain of attachment for contempt.

When this application was made to the chancellor for an injunction and receiver, it was in his discretion to grant or refuse the same upon such terms as the law would allow. First, he put the complainants on terms, by requiring bond and security from them. Second, he granted the injunction as to the property in store with Cox & Hill; and third, he gave the respondent, Lovejoy, the privilege of giving bond and security in a penalty of two thousand dollars to pay any judgment recovered, and thus keep the property in his possession, rather than to compel him to surrender the same to a receiver asked for. We do not understand the order as mandatory; it did not compel him to perform this act; and on his refusal to do so there could have been no attachment to enforce obedience. But it was an alternative offered to respondent in lieu of the injunction and receiver, which respondent accepted, and this dispensed with both injunction and receiver as to this property.

It is well settled that courts of equity in granting relief upon these applications will take into consideration " the relative convenience and inconvenience which would result to the parties from granting and withholding the relief, and will be governed accordingly." High on Inj., sec. 2. In this application the order was no doubt for the convenience of the defendant; he accepted it as such, and is bound by it. If he had failed to comply with the order, we must suppose the chancellor would have rescinded the order, granted the injunction and appointed the receiver. We do not think, then, giving a reasonable construction to the order of the chancellor, that its object was to compel the respondent to give this bond. No such prayer was made in the bill, but in lieu of the in-

junction and receiver sought, this alternative order was passed, and which, in our opinion, was not without author ity of law in the discretion reposed in the chancellor.

But even if the authority of the chancellor to pass this order at chambers was doubtful, the bond entered into by defendant was as to him a voluntary bond, and recovera- ble at common law. 29 La., 500; 3 *Ga.*, 508; 9 *Ga.*, 49; 1 *Ga.*, 182; 16 N. Y., 46.

Let the judgment below be affirmed.