## WRENN, WHITEHURST & COMPANY *vs.* DEVENEY, HOOD & COMPANY.

Where suit was brought for a refusal to take and pay for goods, according to a contract of sale between the parties, in order to have authorized a recovery of nominal damages, it was necessary to show the contract as alleged, and a breach thereof, as set forth in the declaration; and to authorize a further recovery, the plaintiffs

Wrenn, Whitehurst & Company vs. Deveney, Hood & Company.

must prove the damages which they havs sustained. If the proof submitted failed to show when the breach of the contract, if any, occurred, the jury would be authorized to find a verdict for the defendants.

(a.) In such a case, the measure of damages recoverable is the difference between the price agreed to be paid for the goods and the market value thereof when the breach occurred.

March 10, 1885.

Contracts. Damages. Sales. Before Judge EVE. City Court of Richmond County. November Term, 1884.

Wrenn, Whitehurst & Company sued Deveney, Hood & Company for a breach of contract, alleging, in brief, as follows : Plaintiffs contracted and sold to Thorne, Deveney & Company twelve Monarch baling presses, as shown by the following order :

"AUGUSTA, GA., June 23, 1883.

*Messrs. Wrenn, Whitehurst & Co., Norfolk, Va.:*

DEAR SIRS—Please enter our order for the following Monarch baling presses at prices and terms named below, and ship by Norfolk and Western Railroad on or about ———, as ordered, subject to the following guarantee, etc.: . . . All conditions must be specified on this order-sheet. No other conditions, either verbal or written, made or said to have been made, will be considered valid.

12 No. 2 presses at 115 net. Terms 4 months from time of shipment. All ordered previous to August 1st to date as August 1st.

    [Signed]                         THORNE, DEVENEY & Co."

In July, the defendants, Deveney, Hood & Company, succeeded Thorne, Deveney & Company in business, and became liable for their contracts, and ratified this particular contract by accepting part performance. On or about October 1, 1883, defendants received and paid for two presses, in accordance with the foregoing contract, but during the fall and winter of 1883–84, and as late as August 11, 1884, declined to receive and pay for the remaining ten presses.

There was also a count on an open account for the presses, interest and storage, with credit given for the net proceeds of the sale of presses.

The plaintiffs amended their declaration as follows :

" Leave of the court being had, plaintiffs amend their declaration by further alleging that, while, according to their understanding of the contract, the presses were to be accepted during the fall season of 1883, yet defendants claimed that a different construction should be put upon the words 'as ordered,' and in deference to their opinion and for their benefit, plaintiffs held said contract open, allowing defendants to accept and pay for the presses up to August 11, 1884; and plaintiffs gave defendants ample written notice that unless they accepted the presses on or before August 11, 1884, the time would not be extended any longer, and defendants wrote that they would send for the remaining presses as soon as they could make sales of them, and actually ordered one to be shipped, by letter dated August 9, 1884. And plaintiffs further amend their declaration by alleging that the $650, for which the presses sold, was the market value of the presses on the day when the breach of the contract occurred."

The following allegations were also made : Plaintiffs held the ten remaining presses, and urged their acceptance until August 11, 1884, on which day the ten presses were put up at auction, after due notice to defendants, and sold to the highest bidder for $650. The expenses were $16.25 auctioneer's commissions, and $3.30 advertising, leaving net $630.45. The contract price for the ten presses was $1,150. Plaintiffs also claim interest thereon from January 1, 1884, to August 11, 1884, $47.93; storage for 10 months, $40, making in all an indebtedness of $1,237.92. Deducting the $630.45, there remains a balance due of $607.47.

Plaintiffs introduced in evidence the written contract referred to, and submitted proof that defendants succeeded Thorne, Deveney & Co.

Plaintiffs also introduced the depositions of Whitehurst, one of their firm, to whom the order was given, and who testified that the contract had reference to the fall season of 1883, and that defendants so understood it; that plaintiffs waited upon defendants a reasonable time; that the price of the presses was lowered in consideration of the number defendants agreed to take, and that plaintiffs allowed defendants the exclusive right to sell in a certain

territory adjacent to Augusta; that the cost to them of constructing the presses was $65 each; that they forwarded to defendants 5,000 lithographed circulars prepared specially for Thorne, Deveney & Co., which were expensive, and also name-plate for the presses; that the cost to plaintiffs of placing their presses, over and above the cost of construction, was $10 each. Witness also testified that the sale of the presses at auction was advertised in a news·paper at Norfolk, Virginia, and a copy sent to defendants; that one press was sold with the privilege of the other nine, which plaintiffs took and accounted for at the price of the one that was sold. He also testified that plaintiffs did not put aside any particular 10 presses for defendants, but always kept on hand a stock of 12 to 15, and was ready at any time to fill their order.

Defendants introduced no evidence.

The jury found a verdict for defendants.

Plaintiffs moved for a new trial, on the following grounds:

(1) to (4.) Because the verdict is contrary to the evidence, without evidence to support it, strongly and decidedly against the weight of evidence, and contrary to law and the principles of justice and equity, and to the charge.

(5.) Because the court, after charging in these words, "If you believe from the evidence that the plaintiffs have proved the contract declared on, and a breach of that contract by defendants, then I charge you that the plaintiffs are entitled to recover, by way of damages, any direct expenses or charges incurred by them in complying with their part of the contract, and which are caused by reason of the breach of said contract by defendants, if there was a breach," erred in adding the following words: "I give you that in charge, with this qualification, that the measure of damages is the difference between the contract price and the market price, and all expenses must fall within that measure."

(6.) Because the court erred in charging as follows: "The jury must be satisfied from the evidence that the

contract has been broken by the defendants before the plaintiffs can recover; they must further be satisfied from the evidence as to the date thereof, and then the evidence must show what the market value of the presses was on the date of the breach, to show actual damages." Also, "if the jury find that the evidence is conflicting as to the date of the breach of the contract, they must fix a date of the breach," etc.;—the error being in holding that it was necessary to fix an exact date or particular day of the breach.

(7.) Because the court erred in charging as follows: "The fact that after that date a press was paid for in old iron, without showing how much iron was delivered, or at what price per pound it was taken, or what the purchaser agreed to give, is not evidence sufficient to find the market price;"—the error being that it was an expression of opinion by the court as to the evidence, which was a subject for the jury alone.

The motion was overruled, and plaintiffs excepted.

WM. H. FLEMING, for plaintiffs in error.

FOSTER & LAMAR, for defendants.

BLANDFORD, Justice.

The plaintiffs in error brought their action against defendants to recover damages for breach of a contract in the sale of goods, the plaintiffs claiming damages because defendants refused to take and pay for the goods according to the contract between the parties. This count of the declaration was demurred to because no time was alleged when the breach occurred. The plaintiffs amended their declaration in this respect, and on the trial of the case, the proofs submitted in behalf of the plaintiffs failed to show a breach, as alleged in the amended declaration; or any damages which they sustained. The jury found for the defendants. The plaintiffs moved for a new trial,

which the court refused, and this refusal is assigned as error. In order to have authorized the plaintiffs to recover nominal damages, they must show the contract as alleged, and a breach of the same as they set it forth in their declaration; and to authorize a further recovery, they must prove the damage which they have sustained. In a case like the present, the measure of damages is the difference between the price agreed to be paid for the goods and the market value of the goods, when the breach occurred; no proof was submitted by plaintiffs to show this. The proofs submitted failed to show satisfactorily when the breach of the contract, if any, occurred. Under such circumstances, the jury were authorized to find the verdict which they did in this case. The proof must be as satisfactory; to authorize a recovery of nominal damages, as any other damages.

There was no abuse of discretion by the court in refusing the new trial.

Judgment affirmed.