WHITE *v.* SPILLERS, next friend.

Where Mary Murchison tendered her resignation as executrix of K. B. Murchison, and suggested the appointment of White as administrator with the will annexed in her stead, and White was so appointed by the ordinary, and allowed until the next term to perfect his bond, and at the next term the bond was given and letters were issued to White, Mary Murchison being still in life and known so to be by the sureties in the bond, but in the bond White was, by mistake in writing, mentioned as administrator of Mary Murchison instead of as administrator with the will annexed of K. B. Murchison, while in the letters of administration he was recited as having been appointed administrator with the will annexed of Mary Murchison, deceased, the bond was nevertheless not invalid, the proceedings being in substantial compliance with code, §2505, and the intention of the administrator and his sureties being manifest. By proper pleadings the bond may be reformed, and the ordinary can in term correct the letters of administration.

May 14, 1890

Administrators and executors. Bonds. Practice. Before Judge GUSTIN. Crawford superior court. October term, 1889.

Reported in the decision.

L. D. MOORE, by brief, for plaintiff in error.
No appearance *contra*.

SIMMONS, Justice.

Spillers, as next friend of Lillie Spillers, filed his petition against White, to enjoin him from administering the estate of Murchison, and alleged therein that White was acting as such administrator without any authority of law. The case was submitted to the presiding judge without the intervention of a jury. The defendant introduced the 3d and 4th items of the will of Murchison. By the 3d item Murchison's wife, Mary, was appointed executrix, and by the 4th item it was directed that she should hold the trust until the testator's youngest child was of age, or until her death; in which event she should appoint a successor in the management of the estate; and in the event of a failure to make such appointment, the ordinary of the county should make it. The defendant also introduced an order passed at the September term, 1881, of the court of ordinary; which order recited that

"It being represented by Mary Murchison, executrix of the last will and testament of K. B. Murchison, deceased, having made application for resignation of said trust on account of feeble health, and nominated H. C. White, of Crawford county, to be appointed administrator *cum testamento annexo* of said estate, and citation having issued according to law, . . and no objections being filed by this term of the court, it is ordered that H. C. White secure the usual letters of administration, [to] be issued when he gives the proper bond in the sum of $4,000, and takes the oath required by law, and that he have till the next term of court to perfect said bond."

The defendant introduced the bond given by White and his securities to the ordinary of said county in the sum of $4,000, the condition of which bond was stated to be "that if the above bound H. C. White, administrator of the estate, real and personal, of Mary Murchison, deceased," etc. This bond was dated October 3d, 1881. The defendant also introduced the letters issued to White, which authorized him to administer the estate

of Mary Murchison, who, the letters recited, had lately died intestate, and of whose estate White was appointed administrator with the will annexed. These letters were also dated October 3d, 1881. It was admitted that Mary Murchison, executrix of K. B. Murchison, was in life at the time the bond was given and the letters issued to H. C. White, and that this fact was known to the securities on White's bond. The court below adjudged that White was not the legal representative of the estate of K. B. Murchison, and perpetually enjoined him from selling the land of the estate, collecting the rents or in any way interfering with or attempting to administer the estate. To this decision White excepted.

It is argued here that the judgment of the court was right, because the bond given by White as administrator was conditioned to properly administer the estate of Mary Murchison, not that of K. B. Murchison, and that the letters of administration were issued to him as administrator of Mary Murchison. Under the facts of this case it appears that this was simply a misnomer— a mistake of the clerk in writing the name of Mary Murchison instead of that of K. B. Murchison; for we find in the record that at the September term, 1881, Mary Murchison tendered her resignation as executrix of K. B. Murchison, on account of feeble health, and suggested the appointment of H. C. White as administrator with the will annexed of K. B. Murchison, and that at the same term White was accordingly appointed as such administrator, and that the order of appointment gave him until the next term to perfect his bond; and that at the next term the bond was given by White and the letters were issued by the ordinary. It further appears that Mary Murchison was in life at this time, and that this fact was known to the securities on the bond.

Section 2505 of the code is as follows: "Every ad-

ministrator, upon his qualification, shall give bond, with
good and sufficient security, to be judged of by the
ordinary, in a sum equal to double the amount of the
estate to be administered; such bond shall be payable to
the ordinary for the benefit of all concerned, and shall
be attested by him or his deputy, and shall be condi-
tioned for the faithful discharge of his duty as such
administrator, as required by law. A substantial com-
pliance with these requisitions for the bond shall be
deemed sufficient, and no administrator's bond shall be
declared invalid by reason of any variation therefrom, as
to payee, amount or condition, where the manifest in-
tention was to give bond as administrator, and a
breach of his duty as such has been proved."

We think, therefore, that under this section, the fact
that the name of Mary Murchison was used in the bond
for that of K. B. Murchison, would not release the se-
curities therein. It was a substantial compliance with
this section of the code. The manifest intention of
White was to give the bond as administrator of K. B.
Murchison, and the manifest intention of the securities
was to sign such a bond. He was appointed by the
judgment of the court of ordinary administrator with
the will annexed of K. B. Murchison; and while the
phraseology of that judgment is badly expressed, it is
sufficient to constitute White the administrator of K. B.
Murchison; and the fact that the bond recites the name
of Mary, instead of K. B., does not make it invalid as
an administration bond on the estate of K. B. Murchi-
son. If this litigation continues, either party, by proper
amendment to the pleadings, can have the bond re-
formed, and the ordinary at any term of his court can
pass an order correcting the letters of administration
in this particular.

Section 167 of the code provides: "Whenever any
officer required by law to give an official bond acts

under a bond which is not in the penalty payable and conditioned, nor approved and filed as prescribed by law, such bond is not void, but stands in the place of the official bond, subject, on its condition being broken, to all the remedies, including the several recoveries, which the persons aggrieved might have maintained on the official bond." While this section does not apply to bonds of administrators, etc., we cite it for the purpose of showing the intention of the legislature where defective bonds have been given by public officers; and we see no reason why the spirit of this section should not apply in cases like the one under consideration, where it was the intention of all the parties to give the proper bond, and a mistake was made by the clerk in writing one name for the other.

We think, therefore, that the court erred in holding that White was not the administrator of K. B. Murchison, and in enjoining him from acting as such.

*Judgment reversed.*