## WALL *v.* MOUNT.

1. An instrument void as a statutory bond may yet be good as a common-law obligation.
2. Where the obligors have secured an advantage arising from the instrument being treated as valid, they are not entitled to the additional advantage of having it treated as invalid.
3. Where therefore, instead of making the instrument payable to the levying officer, as required by statute, the claimant made the same payable to the

plaintiff in fi. fa., and agreed to produce the property in the event it was found subject on a trial of the claim case, the obligors would be liable to the plaintiff on proof that the officer had surrendered the property to the claimant by virtue of the bond, and that thereafter the same had been found subject on the trial of the claim case.

4. The plaintiff was entitled to the allowance of the amendment setting up the facts entitling him to recover on the instrument as a voluntary bond.

5. The right to appeal is governed by the pleadings; and in a suit on a bond in the penal sum of $100, with no allegation that the damages were $50 or less, the court properly refused to sustain the motion to dismiss the appeal on the ground "that the original summons and cause of action did not show that the amount involved exceeded $50."

Submitted December 13, 1904. — Decided January 30, 1905.

Action on bond.    Before Judge Sheffield.    Terrell superior court.    May 27, 1904.

Wall obtained a judgment against Huckaby.    The execution was placed in the hands of Watson, special constable, who, it is alleged, was not familiar with the duties of the office.    He levied the fi. fa. on certain cotton, which was claimed by Hillsman.    The latter, with Mount as security, gave a bond in the sum of $100, payable to Andrew Wall, plaintiff in fi. fa., reciting the levy, and conditioned that "if the said principal shall well and truly deliver said property to said officer [Watson] on the day and place of sale, provided said property shall be found subject to said fi. fa., this bond to be void."    On this instrument was endorsed, "Bond approved.    J. W. Simmons N. P. & Ex. J. P."    There were several trials of the claim case, and it appears that during the litigation Hillsman left the county, and the property was afterward found subject.    Thereupon Wall brought suit in the justice's court against Hillsman, principal, and Mount, security.    The summons required the defendants "to answer the complaint of A. T. Wall in an action upon a bond, a copy of which said bond is annexed to this summons."    There was a return of "non est" as to Hillsman.    Mount alone was served, and he alone defended. He denied any indebtedness; and alleged that the bond was void, that it was not a forthcoming bond, that it had never been delivered to or accepted by the levying officer, nor had it been properly approved.    In the justice's court the judgment was in favor of the plaintiff.    Mount appealed.    Wall moved to dismiss the appeal, because the original summons and cause of action did not show that the amount involved exceeded $50.    He excepted to the

court's refusal to sustain this motion. During the trial it appeared that the bale of cotton weighed 575 pounds, that at the time of the levy it was worth ten and a half cents per pound, and that at the time the bond was given it was worth nine and three quarters. The plaintiff offered interrogatories of a justice of the peace who presided in one of the trials of the claim case. He testified, that on the trial there was in court a forthcoming bond for the cotton; that after the trial, Hillsman, the claimant, took the case by certiorari to the superior court; and that in answering the certiorari the justice returned the forthcoming bond with all the other papers to the clerk of the superior court. It was admitted that the bond sued on was the same as that returned by the justice to the clerk. Wall, the plaintiff, testified that in one of the trials in which the cotton·was involved Mount swore "that he gave bond for the bale of cotton, took possession of it, sold it, and kept the money, and was holding the proceeds to await the result of the litigation." The court refused to allow the plaintiff to introduce in evidence the bond sued on, holding that both the evidence and the face of the bond failed to show that it had been accepted and approved by the levying officer; to which ruling Wall excepted. Wall then offered what was called an equitable amendment, setting up among other things, the fact that the defendants, by reason of the invalid bond, had got possession of the property levied on, had sold the cotton, and were now in possession of the proceeds; and that therefore the plaintiff was entitled to a judgment against the defendants for its value. This amendment was disallowed, and the plaintiff excepted. The bond having been excluded from the evidence, the court, at the conclusion of the plaintiff's case, directed a verdict for the defendant.

*W. H. Gurr*, for plaintiff.    *H. A. Wilkinson*, for defendant.

LAMAR, J. (After stating the foregoing facts.) The cotton was under levy. Presumptively it would have been sold and the proceeds turned over to the plaintiff in fi. fa. The sale was prevented by the claimant giving a bond in which he bound himself to return the property in the event it was found subject to the execution on the trial of the claim case. This bond was improperly made payable to Wall, the plaintiff in fi. fa., instead of to Watson, the levying officer, as required by the Civil Code, § 4615. It

was therefore defective as a forthcoming bond. But if it was the means by which the possession was changed from the constable to the claimant; if it served the purpose for which it was given; if it injured the plaintiff and benefited the principal, it was not void, but effective as a common-law bond. The obligors, having secured the advantage arising from having the instrument treated as valid, ought not to be relieved from liability by securing the additional advantage of having it treated as invalid. And there are many cases in our reports where, though bonds failed to comply with the order or statute under which they were given, the principals and their sureties were held liable thereon by virtue of a common-law liability. The benefit secured was sufficient consideration to support the cause of action thereon, irrespective of any question depending upon the fact that the instrument had a seal. It was error to exclude the bond when it was offered in evidence. *Farmers Co.* v. *Middle Georgia Co.*, 94 *Ga.* 673; *Ware* v. *Laird*, 93 *Ga.* 342; *White* v. *Spillers*, 85 *Ga.* 555; *Everett* v. *Westmoreland*, 92 *Ga.* 671 (4); *Anderson* v. *Blair*, 118 *Ga.* 212; *Stephens* v. *Crawford*, 1 *Ga.* 574; *Justices* v. *Sloan*, 7 *Ga.* 34; *Stephens* v. *Crawford*, 3 *Ga.* 499; *Dennard* v. *State*, 2 *Ga.* 137; *Park* v. *State*, 4 *Ga.* 329; *Jones* v. *Gordon*, 82 *Ga.* 570; *Justices* v. *Ennis*, 5 *Ga.* 571; *Colley* v. *Morgan*, 5 *Ga.* 178; *Faircloth* v. *Freeman*, 10 *Ga.* 251; *Bowden* v. *Taylor*, 81 *Ga.* 199 (2).

Even if the contention of plaintiff is correct, this was not a suit upon a forthcoming bond, and there was no presumption that it was given for exactly twice the value of the property levied on, and nothing to indicate that the recovery could be limited to $50. Besides, the right to appeal is fixed by the pleadings. This being an action on a bond in the penal sum of a hundred dollars, the court properly refused to dismiss the appeal on the ground " that the original summons and cause of action did not show that the amount involved exceeded $50." But, for the reasons stated on the other branch of the case, there should be a new trial.

*Judgment reversed. All the Justices concur.*