### 2818.  GAULDING *v.* BAKER.

Any mistake in a contract, consisting of some unintentional act or omission, and manifestly a mere clerical error, in no sense changing the contract or the relations of the parties thereto, is relievable at law, and there is no necessity to resort to a court of equity for the purpose of reforming the contract.

    DECIDED AUGUST 4, 1911.

Action on contract; from city court of Nashville—Judge Buie. June term, 1910.

The petition of J. G. Gaulding alleges that, as a buyer and seller of cotton, he made a contract with Harmon C. Baker, the defendant, by which the latter contracted and sold to him 65 bales of cotton, of the average weight of 500 pounds per bale. The contract is made the basis of the action and the plaintiff seeks to recover $1,452 as the difference between the contract price of the cotton and its market value at the time fixed by the contract for its delivery. The contract (a copy of which is attached to the petition) provides: "Should either party to this contract fail or refuse to carry out his or their part of same, on the day specified, time being of the essence of this contract, it is understood and agreed that the party of the second part, upon making tender of said cotton and the refusal of said J. W. Gaulding to accept same and settle at the price above contracted for, shall be entitled to liquidated damages in an amount equal to the difference between the price herein contracted for and the actual value of the same grade of cotton in Tifton on the day of such tender of cotton, and should the said party of the second part fail and refuse to deliver said cotton on the day mentioned above for its delivery, it is understood and agreed that the said Harmon C. Baker shall be entitled to liquidated damages in an amount equal to the difference between the actual value of the same grade of cotton in Tifton, Ga., on the date of delivery agreed upon in this contract, and the price herein contracted for." In that portion of the contract above quoted which it would naturally be supposed would express the plaintiff's right to recover against Baker, the damages are made payable instead to Baker himself. It is insisted that this is a palpable mistake, and that it was the intention of the parties, in filling in the name of the party in the printed contract, to insert Gaulding's name where Baker's appears. It is contended, on the other hand, that this error, if an error, must be corrected by an equitable proceeding to reform the contract, and that the city court is without jurisdiction to afford such affirmative relief. The trial court took this view of the question and dismissed the petition on demurrer, and this is assigned as error.

*Fulwood & Murray*, for plaintiff.

*Denmark & Griffin, Alexander & Gary*, for defendant.

HILL, C. J.    (After stating the foregoing facts.)  The mistake in the contract was manifestly a lapsus pennæ, and no reformation of the contract was necessary.    In *Thompson* v. *Hall, 67 Ga.* 630, it is held: "Any mistake consisting of some unintentional act, or omission, or error, is relievable in equity, and also now at law.  We scarcely regard this an open question in this court."    A suit was brought by Hall & Long on a bond which was on its face payable to *Hull* & Long instead of to *Hall* & Long, and it is said in the opinion that "the mistake in making the bond sued on payable to Hull & Long instead of to Hall & Long can not be doubted, from the whole of the surrounding circumstances," and that "such a mistake is relievable in equity beyond a doubt, and why not at law under our liberal statute with proper averments?" The case seems to be much in point, and if proof of the mistake made, to wit, the writing of the obligees in the bond as Hull & Long instead of Hall & Long, was permissible in a court of law, it seems clear that it would have been entirely proper to have proved by parol evidence that the insertion of the name of Harmon C. Baker in the place where that of J. W. Gaulding should have been inserted in the contract which is the basis of the suit in this case was simply a clerical error.    See, also, the case of *Shaver* v. *McLendon, 26 Ga.* 228, where a forthcoming bond was made payable to James B. Shaver instead of to William B. Shaver, and it was held that William B. Shaver might sue at law and show the mistake.    So in *McCrary* v. *Caskey, 27 Ga.* 54, where a promissory note dated in December was expressed to be payable on the "25th day of December next," and parol evidence was offered to show that the 25th day of December intended was the 25th day of the same December in which the note was made, it was held that this parol evidence ought to have been received.    *Jackson* v. *Johnson, 67 Ga.* 168, was a suit on an administrator's bond which purported to be for $150, and parol evidence was admitted to show that the bond was intended to be for $150,000; and it was held that "what was the true intention of the parties to the contract is always admissible in case of alleged clerical mistakes," etc.

But we think the error in this case was so manifestly a clerical one that even parol evidence to prove that fact was not necessary. See, also, *Atlanta & W. P. R. Co.* v. *Speer, 32 Ga.* 550 (79 Am. Dec. 305).    The cardinal rule of construction is to ascertain the

intention of the parties. Civil Code (1910), § 4266. And another rule of construction is that "the construction which will uphold a contract in whole and in every part is to be preferred, and *the whole contract should be looked to in arriving at the construction of any part."* Civil Code (1910), § 4268, par. 3. Bearing in mind these two rules of construction, and considering the contract in its entirety, it is manifest that the insertion of the name of Harmon C. Baker in the contract where that of J. W. Gaulding should have been was a clerical error, and that the name of J. W. Gaulding was intended to be inserted in that place. The contract is made by the two parties Gaulding and Baker, and Gaulding is designated in the contract as "party of the first part," and Baker as "party of the second part," and these parties are so referred to throughout the entire contract; and, in fixing the liability of either party in the event of a breach of the contract, it is recited: "Should the party of the second part [who unquestionably was Harmon C. Baker] fail and refuse to deliver said cotton on the day mentioned above for its delivery, it is understood and agreed that the said Harmon C. Baker shall be entitled to liquidated damages." Of course, it meant that a breach of the contract on the part of Harmon C. Baker, party of the second part, to deliver the cotton as agreed on would entitle the other party to the contract, J. W. Gaulding, to liquidated damages. Manifestly this is a mere clerical error, when we consider the contract as a whole; and it seems to us that it is a mere quibbling technicality to compel a resort to a court of equity to reform the contract and to correct a clerical mistake, where the mistake does not change any of the terms of the contract, or the subject-matter of the contract, but is simply an unintentional substitution of the name of one party where, by the contract, the name of the other party should have been inserted, and was intended to be inserted. It is wholly unreasonable to compel a resort to a court of equity to correct a mistake so palpable, and which does not in any manner affect the validity of the contract or leave in any doubt whatever who were the respective parties thereto and their respective relations to the contract. An examination of the contract will show that there were other clerical mistakes equally serious, if the word "serious" can be applied to mistakes of this trivial character. In one part of the contract Gaulding, who should have been desig-

nated as "the party of the first part," is incorrectly designated as "the party of the second part," and so Harmon C. Baker is designated as "party of the first part" when he should have been designated as "party of the second part." These are simply clerical mistakes not affecting the legality of the contract or rendering in the slightest degree doubtful the relations of the parties to each other in the contract, the one as buyer and the other as seller, for it is manifest from the contract itself, about which there could not be the slightest doubt, that Gaulding was the buyer of the cotton mentioned in the contract, and Baker was the seller. And it follows that if Baker tendered the cotton at the time and place fixed by the contract, and Gaulding refused to accept it, Baker was entitled to the liquidated damages fixed by the contract; and, if Baker neglected or refused to tender it at the time and place fixed by the contract, then Gaulding was entitled to the liquidated damages as fixed by the contract. And, besides, the damages as liquidated by the contract are the measure of damages as fixed by law, flowing from a breach thereof, and an agreement was entirely unnecessary. The contract recites that "the party of the second part," upon making tender of such cotton and the refusal of said J. W. Gaulding to accept the same and settle at the price above contracted for, shall be entitled to liquidated damages in an amount equal to the difference between the price herein contracted for and the actual value of the same grade of cotton in Tifton on the day of such tender of the cotton, and, should the said party of the second part fail and refuse to deliver said cotton on the day mentioned above for its delivery, then "the said Harmon C. Baker [of course it should have been J. W. Gaulding] shall be entitled to liquidated damages in an amount equal to the difference between the actual value of the same grade of cotton in Tifton Ga., on the date of the delivery agreed upon in this contract, and the price herein contracted for." This is the measure of damages fixed by law for the breach of a contract of this character. *Wrenn* v. *Deveney,* 74 *Ga.* 421; *Erwin* v. *Harris,* 87 *Ga.* 336 (13 S. E. 513).

*Judgment reversed.*

RUSSELL, J., dissenting. The action was brought to recover damages resulting from the breach of a contract which is pleaded. In my opinion the plaintiff can not recover upon the contract in its present form, for the reason that the damages consequent upon

its breach, if any, are expressly payable to another person expressly named, instead of to the plaintiff; and, even if this condition of the writing is due to mistake, a city court is without jurisdiction to reform or correct the writing. In my opinion, therefore, the lower court did not err in dismissing the petition.