### 6490.　McCONNELL *v* HULSEY, for use, etc.

RUSSELL, C. J. 1. Parol evidence is inadmissible to alter or vary the terms of an unambiguous written instrument, unless it is manifest from the recitals of the instrument itself that, due to a clerical mistake, the instrument does not express the real intention of the parties. *Gaulding* v. *Baker*, 9 *Ga. App.* 578 (71 S. E. 1018). The action of a constable, suing for the use of W., upon a forthcoming bond, can not be sustained by introducing in evidence a bond taken by the constable on the levy of an attachment sued out by G., and payable to the officer who levied that attachment.

(*a*) In the instant case nothing appears in the face of the bond which indicates that it was given in any proceeding instituted in behalf of W.

2. The court erred in not sustaining the objections to the documentary evidence offered on the trial, and the appellate division of the municipal court erred in overruling the motion for a new trial.

> *Judgment reversed. Broyles, J., dissents.*
> DECIDED DECEMBER 2, 1915.

Action on bond; from municipal court of Atlanta. March 10, 1915.

*Munday & Cornwell,* for plaintiff in error.

*R. Low Reynolds,* contra.

BROYLES, J., dissenting. It is clear to my mind that the insertion of the name of W. B. Garner, instead of L. W. Wiggins, in the bond sued upon was "a mere clerical mistake, a lapsus pennæ," and under the rulings in *Thompson* v. *Hall,* 67 *Ga.* 630, and *Gaulding* v. *Baker,* 9 *Ga. App.* 578 (71 S. E. 1018), parol evidence was admissible to correct this error. See also, in this connection, *Shaver* v. *McLendon,* 26 *Ga.* 228; *Sutton* v. *Sutton,* 25 *Ga.* 383; *McCrary* v. *Caskey,* 27 *Ga.* 54; *Hardin* v. *Webster,* 29 *Ga.* 427; *Jackson* v. *Johnson,* 67 *Ga.* 168; *Bowden* v. *Taylor,* 81 *Ga.* 199 (6 S. E. 280); *Parramore* v. *Alexander,* 132 *Ga.* 642 (64 S. E. 660). I think the judgment should be affirmed.