*R. R. Jackson,* contra.

---

### 11837. McCORKEL *et al. v.* WHITTEN & SON.

JENKINS, P. J. 1. Where a forthcoming bond is given in a legal proceeding wherein the plaintiffs are a partnership, the fact that the bond may erroneously recite that the plaintiff is an individual will not authorize the individual to bring suit on the bond, since the previous legal proceeding would afford no actual basis for the giving of such a bond.

2. Where, in a mortgage-foreclosure proceeding by a partnership, a claimant gives a forthcoming bond payable to the levying constable, but erroneously names an individual as the plaintiff in fi. fa. in the foreclosure proceeding, and where suit is afterwards brought by the constable against the principal and the surety on the bond, for the use of the individual named as plaintiff in fi. fa., the petition ordinarily could not be maintained even by amendment substituting the name of the partnership as parties plaintiff, unless with the consent or by the express or implied waiver of the defendants (*Blackwell* v. *Pennington,* 66 *Ga.* 240; *Tolar* v. *Funderburke,* 21 *Ga. App.* 436, 94 S. E. 592), but where the defendants, by their answer and demurrer to the petition, by their petition for certiorari and bond given therein, and by their writ of error to this court, have themselves treated the suit as brought by the partnership, they will be considered as estopped from denying that the suit on the bond was maintained by the partnership, and from objecting that the judgment of the superior court overruling their certiorari was entered in favor of the partnership. *Busby* v. *Elliott,* 22 *Ga. App.* 391 (95 S. E. 1014).

3. Whether or not, in a suit by the partnership on such a bond, reciting in the face of the instrument that it is given for the benefit of an individual, parol evidence would be admissible to alter or vary the terms of the instrument sued on (*McConnell* v. *Hulsey,* 17 *Ga. App.* 387, 87 S. E. 156; but see *Thompson* v. *Hall,* 67 *Ga.* 627, 630; *Smith* v. *Sweat,* 60 *Ga.* 540; *Gaulding* v. *Baker,* 9 *Ga. App.* 578, 71 S. E. 1018; *Gelder* v. *Mathews,* 6 *Ga. App.* 144, 64 S. E. 576), since the evidence going to show that the bond was given and accepted in the partnership foreclosure proceeding and for the benefit of the plaintiffs therein was admitted without objection, the bond itself became relevant to sustain the suit based thereon, and the court did not err in admitting it in evidence.

4. " An instrument void as a statutory bond may yet be good as a common-law obligation." *Wall* v. *Mount,* 121 *Ga.* 831 (49 S. E. 778); *Awtrey* v. *Campbell,* 118 *Ga.* 464 (45 S. E. 301); *Alexander* v. *Morris,* 10 *Ga. App.* 497(1) (73 S. E. 700). " Where the obligors have secured an advantage arising from the instrument being treated as valid, they are not entitled to the additional advantage of having it treated as invalid." *Wall* v. *Mount,* supra; *Peeples* v. *Garrison,* 141 *Ga.* 411 (81 S. E. 116, 51 L. R. A. (N. S.) 635); *Hartshorn* v. *Bank of Gough,* 15 *Ga. App.* 167 (82 S. E. 805); *Alexander* v. *Morris,* supra; *United States Fidelity &c. Co.* v. *Murphy,* 4 *Ga. App.* 13(3), 18 (60 S. E. 831). Whether or not the bond here was taken in Tattnall county by a constable of Evans county, and, if so, whether such taking was an irregularity which would invalidate the instrument as a statutory bond, suit was nevertheless maintainable thereon as a good common-law obligation, since the record shows that the defendants, through its acceptance by the officer, prevented the sale of the property on the day advertised and subsequently, although the constable could not state to whom the property was delivered.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

Decided April 14, 1921.

Certiorari; from Evans superior court — Judge Sheppard. July 19, 1920.

*Anderson & Hodges,* for plaintiffs in error.

*J. Saxton Daniel,* contra.