### 13564. ELLINGTON *v.* CONRAD & LEE.

Where in a bail-trover proceeding a bond is given in terms of § 5151 of the Civil Code of 1910, except that it is made payable to the sheriff instead of to the plaintiff, and where the sheriff accepts it and both the plaintiff and defendant treat it as valid, and the obligors secure an advantage from its being so treated, they are not entitled to the additional advantage of having it treated as invalid, and thus prevent a judgment against them.

(*a*) The court did not err in sustaining the demurrer to the affidavit of illegality and dismissing the affidavit.

DECIDED OCTOBER 3, 1922.

Affidavit of illegality; from Wilkinson superior court — Judge Park. April 3, 1922.

*George H. Carswell, Allen & Pottle,* for plaintiff in error.

*Turpin & Lane, Jones, Park & Johnston,* contra.

BLOODWORTH, J. Conrad & Lee instituted bail-trover proceedings against J. F. Ellington. The defendant replevied the property and gave J. Z. Ellington as security. A demurrer to the affidavit of illegality was sustained, and a judgment rendered against the principal and surety; to which judgment the surety excepted. In the brief of counsel for plaintiff in error it is said: "It is conceded that the bond given was on its face a bond for the eventual condemnation money. It is also conceded that in such a case neither the defendant in trover nor the surety on the bond can go behind the judgment. The one single point made in this case is that this bond was made payable to the sheriff and not to the plaintiff as required by the statute. . . . We are standing flatly on the proposition that while this is a good voluntary

bond, it is not a statutory bond upon which judgment could be taken upon the trial of the main case." We cannot agree with this contention of learned counsel. The language of the bond given in this case clearly indicates that it was the intention of the obligors to give the statutory bond required by § 5151 of the Civil Code of 1910, and both sides so treated it. This case is analogous to that of *Stroud* v. *Hancock,* 116 *Ga.* 336 (42 S. E. 498), in which the Supreme Court said: "It is evident that the bond sued upon is not such a bond as is contemplated by the Civil Code [1895], § 2766 (§ 3301 of the Civil Code of 1910), as the accompaniment of an affidavit of illegality to the levy of a mortgage fi. fa. That section provides for a bond payable to the plaintiff in fi. fa., 'who may sue thereon for condition broken,' conditioned for the return of the property when called for by the levying officer. The bond given in the present case was an ordinary forthcoming bond, payable to the sheriff, and conditioned for the return of the property at the time and place of sale. . . It must be borne in mind that while the bond sued on in this case was not the instrument provided for by the Civil Code, § 2766 (§ 3301 of the Code of 1910), it was so treated by both the plaintiff and the defendant in fi. fa., and stood, for all practical purposes, in lieu of such bond." By reason of the acceptance by the sheriff of the bond in this case, the defendant acquired a definite and substantial benefit, and "where obligors have secured an advantage arising from the instrument being treated as valid, they are not entitled to the additional advantage of having it treated as invalid." *McCorkel* v. *Whitten,* 26 *Ga. App.* 708 (4) (107 S. E. 97), and cases cited. See also *Wolf* v. *Kennedy,* 93 *Ga.* 220 (3) (18 S. E. 433).; *Holmes* v. *Langston,* 110 *Ga.* 861 (36 S. E. 251). In *Gelders* v. *Mathews,* 6 *Ga. App.* 145 (2) (64 S. E. 576), this court said: "But even if the bond was not amendable by making a change as to the obligee therein mentioned, it was accepted by the levying officer and the papers returned into court. While strictly speaking, it is [not?] in this respect a statutory bond, it is a good common-law bond, and suit could have been brought on it in the name of the sheriff for the use of the plaintiff in fi. fa. *Wall* v. *Mount,* 121 *Ga.* 831 (49 S. E. 778); *Stroud* v. *Hancock,* 116 *Ga.* 332 (42 S. E. 496)." In *Salmon* v. *Lynn,* 16 *Ga. App.* 298 (3) (85 S. E. 203), this court,

citing a number of cases to support the proposition, said: "Whether or not the bond sued upon was by its terms made payable to the plaintiff, as provided by § 3301 of the Civil Code, is immaterial, since such a bond would be 'a good common-law bond, and suit could have been brought on it in the name of the sheriff (levying officer) for the use of the plaintiff in fi. fa.'" From the foregoing authorities it is clear that the court did not err in sustaining the demurrer to the affidavit of illegality and dismissing the same.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*