Keith vs. State of Georgia.

| 27 | 483 |
| 103 | 44 |

WILLIAM J. KEITH, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

The Judge of the Superior Court has power, on examining and considering the evidence returned with a peace warrant, if it be insufficient to require the giving a bond, to discharge the defendant; and he has, moreover, the discretion to discharge him without the payment of costs, if, in his opinion, there was no foundation for the proceeding.

Peace warrant, from Whitfield county. Decision by Judge TRIPPE, at October Term, 1858.

Upon the affidavit of Patrick C. McOwen, a peace warrant issued against the plaintiff in error, William J. Keith, and he was recognized to keep the peace, and to appear at the next Term of the Superior Court of Whitfield county.

At the Term of the Court to which said proceedings were returnable, counsel for defendant moved that he be discharged without cost, there being no return made of any evidence by the justice, except the 'affidavit upon which the warrant issued. The Court discharged defendant, but ordered him to pay the cost, and to this decision, counsel for defendant excepted.

JESSE A. GLENN, for plaintiff in error.

Solicitor Gen'l JOHNSON, contra.

By the Court.—McDONALD J. delivering the opinion.

The law makes it the duty of the Judge of an Inferior Court, or Justice of the Peace, by whom a bond and security of the peace are taken, to make a return of the bond, together with the affidavit and other evidence on which the bond was taken, to the next Term of the Superior, Inferior, or City Court, which may first thereafter hold their sittings, and if, on taking the case into consideration, and examining the evidence presented, the Judge shall be of opinion there was no sufficient ground for requiring the bond, he is required to cause the bond to be cancelled, and to discharge the accused; and if he shall be of opinion that there was no reasonable ground for requiring such bond, he may order and direct that the prosecutor shall pay all the costs and expenses of the proceedings. Cobb, 860. The officer taking the bond in the case before us, returned no evidence, except the affidavit of the prosecutor on which it was issued.

The presumption is, that he had no other evidence before him, or he would have returned it. Magistrates requiring such bonds, have been in the habit of taking them on the single affidavit of the prosecutor, but by the Act of 1850, *Cobb*, 865, they are required to hear evidence, if offered by the defendant, to show that the proceeding was without foundation.

The presiding Judge in the Court below, had the right, upon the affidavit of the prosecutor, to refuse to mulct him in the costs and expenses of the proceedings, if upon that, he believed there was reasonable ground for suing out the warrant. He refused the application to dismiss the cause without payment of costs by the accused. It was a matter of legal discretion with him, and we do not see that he has abused it, and without such abuse we will not control his discretion.

Judgment affirmed.