Atlanta and West Point Railroad *vs.* Speer.

ATLANTA AND WEST POINT RAILROAD COMPANY, plaintiff in error, *vs.* WILLIAM A. SPEER, defendant in error.

[LUMPKIN, J., did not preside in this case.]

1. S. granted to the Atlanta and West Point Railroad Company a right-of-way over his lands. In consideration of the grant the Railroad Company contracted to take from a platform, to be erected beside their road, on the premises of the grantor, all produce to be shipped by him, and to bring and place on the platform all freight shipped by or for him to that place from any other point on their road: *Provided* he should give three days notice to the nearest agent of the Company of any such freight to be transported: *Held*, that a Court of Equity will not decree a specific ·performance of such a contract. *Held also*, that for any breach of such a contract there is an adequate remedy at law.

2. A Court of Equity will not interfere to enforce a contract except by a decree for specific performance, and there is no sufficient foundation for the prayer for pecuniary damages for past violations of the contract in this case.

3. Where the intention of the parties to a contract is sufficiently apparent to be recognized in any Court, the fact that a word is omitted is no sufficient reason for bringing a party into a Court of Equity for a reformation of the contract.

Bill in equity, in Troup Superior Court, and decision on demurrer, made by Judge D. F. HAMMOND, at Chambers, on the 6th of March, 1861.

On the 10th of December, 1850, William A. Speer executed a deed to the Atlanta and West Point Railroad Company, (then called the Atlanta and LaGrange Railroad Company,) of the material parts of which the following is a copy, to-wit:

"The said William A. Speer, for and in consideration of running their contemplated railroad on and along his land, as well as in consideration of the sum of five dollars to him in hand paid," before the execution of the deed, " hath given, granted, bargained and sold, and doth by these presents give, grant, bargain and sell unto the said Railroad Company, and their successors and assigns, the right-of-way over which to pass at all times, by themselves, directors, officers, agents, servants and hirelings, in any manner they may think proper,

and particularly for the purpose of running, erecting, and establishing thereon a railroad, with double track and turn-out, or with single track and turn-out, as may at all times be at the discretion of said Company pursuant to their charter of incorporation, and to this end the limits of said right-of-way shall extend in width one hundred feet on each side from the centre of the roadway, when completed, and to extend in length through the whole tract of land owned and claimed by the said William A. Speer, being lots of land Nos. 34 and 35, in the 11th district of said county of Troup, and running in such direction through said tract of land, as said Company, by their agents, managers or workmen shall think best suited for the purpose of locating and establishing their said works; and connected with said right-of-way, the said Company shall have the right to cut down and remove all such timbers, or other growth, on each side of said road, as would by falling or shading the same injure the rails, or other parts of said road. In addition to the consideration above named, the said Company agree to erect and maintain a platform at some convenient point, on said right-of-way, for the shipment and receipt of such produce and merchandise as the said Speer, his heirs or assigns, may [desire] to ship or receive, said shipment to be taken on three days' notice being given to the nearest agent of the Company. The said Speer, his heirs and assigns, reserve the right to cultivate the land not wanted in the construction and repairs of the road, and also the right to flood the grounds near the arch culvert in the cultivation of rice."

On the 19th of April, 1860, the said William A. Speer exhibited his bill in equity, in Troup Superior Court, against the said Railroad Company, setting out the said deed and alleging that although a platform was erected on the right of way granted in the deed, yet in every other particular the Company had disregarded and violated the obligations and duties imposed upon it in and by the terms of the contract. The complainant specifies a number of instances in which the Company refused to ship produce and merchandise to or from the platform when requested to do so in terms of the

contract embodied in the deed, and alleges that he hath sustained heavy damages by such failure and refusal, whilst it would have been worth to him three hundred dollars per annum, if the Company had faithfully complied with the contract.

Complainant also alleges, that by an accidental omission the word "desire" was left out of said deed, when it was the contract and intention of both parties to the deed that it should be inserted, and the proper place for inserting the same is indicated by the word "desire" included in brackets in this statement.

The bill prays that the Company may be decreed to pay to him the damages which he has heretofore sustained on account of their failure and refusal to comply with the contract, and that the Company may be decreed to specifically perform the contract in the future, and that the deed may be reformed by inserting the word "desire" in the place hereinbefore indicated.

The defendant met this bill by a demurrer, on the ground that the contract set forth in the bill is too vague, uncertain, and indefinite, to be acted upon by the Court, and is not capable in its very nature of being the subject of a decree for specific performance, and that for any breach of said contract the complainant has an adequate remedy at law, and that the bill does not present a case that entitles the complainant to the relief he seeks, or indeed any other relief which a Court of Equity can afford.

After argument had on this demurrer, the presiding Judge overruled the same and sustained the bill in Court, and counsel for the defendant assigned error upon that ruling.

L. E. BLECKLEY and G. A. BULL, for plaintiff in error.

SPEER & SPEER, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

The bill in equity which the plaintiff in error insists should have been dismissed on demurrer in the Court below, has three objects.

1st. To compel specific performance of a contract in the future.

2d. To recover damages for past breaches of the same contract.

3d. To reform that contract by the insertion of a word alleged to have been omitted by mistake.

The plaintiff in error, a railroad corporation, in consideration of a grant of a right-of-way through the defendant's premises, contracted to place beside their road, on said premises, a platform convenient for lading and unlading cars, and to take from that platform all produce to be shipped by defendant, and to bring and place on it all freight shipped by or for him to that place from any other point on their road.

To this contract, however, was annexed a condition, that defendant should give three days notice to the agent of the plaintiff, at the nearest station, of any such freight to be transported. Defendant in error alleges in his bill, that plaintiffs have, in divers instances, broken this contract, and have given notice, in writing, that they do not intend to comply with it. Certainly the proof of the contract, and of a declared intention to violate it, acts as a powerful stimulant to any Court having jurisdiction.

But to us it appears that there is an intrinsic difficulty in decreeing prospectively a specific performance of this contract.

We are not asked to compel the plaintiffs in error to transport a particular article of freight now being on the platform awaiting transportation. We are asked to decree that they shall, in all future time, transport all freight and deliver it, as required by defendant in error, in terms of the contract.

It is evident that any such decree must be as general, and as indefinite in its terms as the contract itself. It can not be specific as to the kind of produce, the quantity, the time of

performance; nor can it make a decree which will be satisfied by any specific act of performance. After decree made, the case must be kept open, and if the defendant (in that decree) be contumacious, there must be action of the Court to enforce it twenty, perhaps fifty times a year, for all time. Besides, in regard to each alleged violation of the contract, the other party is entitled to a hearing. He may insist that the freight in question, at one time, is not of the description contemplated in the contract—at another, that it is not the property of the party complaining—at still another, that notice had not been given in terms of the contract.

We are satisfied that this is not a contract of which performance can be compelled by one sweeping decree, embracing all time and all instances demanding performance. The party has an adequate remedy at law, and doubtless would be redressed there.

2d. There is no foundation for the prayer for pecuniary damages for past violations of the contract.

A Court of Equity would not interfere to enforce a contract, except by specific performance, and that it has been seen, is not practicable in this case.

3d. As regards the relief sought by way of amendment to the bill—the reformation of the contract—we think the intention of the parties sufficiently apparent to be recognized in any court, and that there is no sufficient reason for bringing the party into a Court of Equity for a reformation of the contract. Our conclusion is, that the demurrer should have been sustained and the bill dismissed.

Let the judgment be reversed.