## CRUMP et al. *v.* THE PEOPLE.

PRACTICE — *notice of pleadings.* A rule of court which requires that a memorandum of pleadings filed in a cause shall be made in a book kept by the clerk for that purpose, is reasonable and valid, and a demurrer filed without observing such rule may be stricken from the files, and thereupon judgment *nil dicit* may be entered against the defendants

PLEADING — *averment that recognizance was certified and returned.* In a declaration in debt on a recognizance of bail after setting forth that the defendants appeared before a justice of peace, on a day named, and acknowledged themselves to be indebted to the people, in the sum of $300, and in the condition of the recognizance it was averred, that "said recognizance was then and there taken and acknowledged by the said justice of the peace, and afterward, to wit: on the 25th day of January, A. D. 1873, by him, the said justice, filed in the office of the clerk of the said district court, and became a matter of record therein," etc.

*Held,* that this was sufficient to show that the recognizance was certified by the justice and delivered to the clerk as required by section 234 of the Criminal Code (R. S. 250).

PRACTICE — *inquest by a jury, in debt on recognizance.* In debt on recognizance of bail, judgment *nil dicit* may be entered for the penalty of the recognizance without impaneling a jury to compute the amount. There is nothing for a jury to determine.

BAIL — *when action may be brought against.* Upon breach of the condition of a recognizance to keep the peace, an action may be brought against the cognizors prior to the term of court at which such recognizance is returnable.

*Error to District Court, Arapahoe County.*

ACTION of debt commenced on the 25th day of March, 1873, against Horace Crump, John Crump and R. R. McCormick, to the April term, 1873, of the district court of Arapahoe county. It was averred in the declaration that on the 14th of October, 1872, the defendants appeared before O. H. Whittier, a justice of the peace of the county of Arapahoe, and by their recognizance in writing by them duly signed and sealed, jointly and severally acknowledged themselves to be indebted unto the said plaintiffs in the sum of $300, and the said defendants did, then and there, in, and by the said recognizance, consent, grant and agree that the said sum of $300 should be levied of their respective goods and chattels, lands and tenements, to the use of the said

1874.]    CRUMP et al. v. THE PEOPLE.    317

plaintiffs, which said recognizance was and is subject to a certain condition thereunder written; which condition was, that if the said Horace Crump should personally be and appear at the district court, within and for the county of Arapahoe, aforesaid, on the first day of the then next term thereof, then and there to answer for the offense of having made threats and having committed a breach of the peace, and to do and receive what should be, by the said court, then and there enjoined upon him, and not depart the said court without leave, and should in the meantime keep and preserve the peace toward all of the people of the said territory of Colorado and particularly toward one Ira Thompson, then the said recognizance should become void, otherwise should remain in full force and effect. The allegation as to the certificate and return of the recognizance is set forth in the opinion of the court. For breach of the condition, it was averred that the said Horace Crump had not kept and preserved the peace toward all of the said people and toward the said Ira Thompson, but on the contrary thereof, on the 25th of December, 1872, the said Horace Crump committed another breach of the peace, and then and there made other threats against the said Ira Thompson. The judgment of the court was as follows:

Now, on this day, come the said people of the territory of Colorado by Merrick A. Rogers, Esq., district attorney, and the said defendants by S. E. Browne, Esq., and T. G. Putnam, Esq., their attorneys, also came, and thereupon comes on to be heard the motion of said district attorney for judgment *nil dicit* against the said defendants. And thereupon the said defendants, move the court for leave to enter upon the book kept for that purpose the demurrer by them heretofore interposed to the declaration of the plaintiffs, and the court being fully advised in the premises it is considered by the court that the said motion of the defendants be denied. And it appearing to the court that the said defendants have failed to note in the book kept for that purpose any memorandum of the filing of said demurrer as required by rule number 12 of the rules of this court, it is ordered by

the court that the said demurrer be stricken from the files and that the said motion of the district attorney be sustained.

Therefore, all and singular the premises being seen and by the court here fully understood, it is considered by the court that the said people of the territory of Colorado have and recover of and from the said Norace Crump, John Crump, and R. R. McCormick, the said sum of three hundred dollars ($300), the penalty of the said recognizance in the said plaintiffs' writ mentioned, and also their costs by them in and about this suit in this behalf laid out and expended, and have execution therefor.

Messrs. BROWNE & PUTNAM, for plaintiffs in error.

Mr. M. A. ROGERS, district attorney, for defendants in error.

BELFORD, J.   This was an action of debt on a bail bond. From the record, it appears that Hiram Crump, on the 14th day of October, 1872, was brought before O. H. Whittier, a justice of the peace, on a charge of violating the 230th section of the Criminal Code.   Such proceedings were thereupon had that Crump was required to enter into bond for his appearance at the ensuing term of the district court, and one of the conditions of the bond was, as appeared from the declaration, that he should keep the peace toward all the people of the territory of Colorado, and particularly toward one Ira Thompson, who had preferred the charge against him before the justice.   The breach assigned in the declaration is, that he did not keep the peace toward the people, and that he resumed his threats, etc., against Thompson, whereby the condition of the bond became forfeited.

It appears from the record that on the 8th day of April, a rule was taken on the defendant to plead by the incoming of the court on the 15th.   On the 9th a general demurrer was filed, and on the 16th plaintiffs moved for judgment *nil dicit*, on the ground that no notice of the demurrer was

filed in the motion book, as required by the 12th rule of the court. The defendants filed their counter motion for leave to enter their demurrer on the motion book, which was denied. And thereupon judgment *nil dicit* was awarded. The action of the court is especially complained of. If the plaintiffs in error were in default in complying with the rules of court, they cannot be heard here. These rules are established to facilitate business, and to enable attorneys to ascertain just what steps have been taken by opposing counsel. They are established for the further purpose of relieving the officers of the court from the constant inquiries that would be made as to what had occurred in reference to the case during their absence from the room; and of the power of the court to make such rules there can be no question. It is inherent in all courts of record. *Snyder* v. *Buchanan*, 8 T. & R. 336; *Fullerton* v. *The Bank*, etc., 1 Pet. 604. Objections are taken to the sufficiency of the declaration, and we have carefully considered the same. It is claimed that it contains no averment that the bond taken by Whittier was duly certified by him to the clerk of the district court. The allegation in the declaration is "which said recognizance was then and there taken and acknowledged by the said justice of the peace, and afterward, to wit, on the twenty-fifth of January, in the year of our Lord one thousand eight hundred and seventy-three, by him, the said justice, filed in the office of the clerk of the said district court, and became a matter of record therein," etc. We think the allegation sufficient. *Champlain* v. *The People*, 2 Comst. 82.

It is further claimed that the court erred in allowing final judgment to be entered in the cause for the penalty of said recognizance without a writ of inquiry, and without evidence and assessment of damages by a jury. It may be said that in legal estimation a penalty is a debt. In this case the amount of the debt is stated. No computation or assessment was required. There could be nothing for a jury to determine.

So, too, we apprehend that a right of action accrued to

the people, on the bond, as soon as there was a breach of the condition, and the district attorney could not be required to wait until after the term of court at which Crump was bound to appear before he could commence suit, for the reason that one of the conditions of the bond was that Crump would deport himself peaceably toward Thompson, from the time he executed the bond until the final order in the district court was had. When he failed to do this, the condition was broken, and the right to bring the action for that breach had accrued.

The judgment is

*Affirmed.*