## STEPHENS *vs.* WALLIS.

A *certiorari* does not lie to proceedings before a justice of the peace binding over to the superior court a party arrested upon a warrant either to keep the peace or for his good behavior. While there is no precedent or authority for inserting in such a warrant a direction to the arresting officer to levy upon and hold the property of the defendant for the payment of costs in case of conviction, and if the officer does so levy and proceed to sell the property, it is without lawful warrant or authority, still *certiorari* is not the proper remedy to restrain this excessive exercise of power. If an affidavit of illegality will not lie, a remedy may be had by the writ of prohibition.

(*a.*) This case differs from that of *Hayden. vs. State*, 40 *Ga.*, 476.

November 3, 1885.

Criminal Law. *Certiorari.* Costs. Levy and Sale. Prohibition. Before Judge FORT. Stewart Superior Court. April Term, 1885.

H. M. Stephens was arrested on a warrant, based on an affidavit, stating that John Wallis was in fear of bodily harm and of "violent personal injury to his property" from the defendant. The warrant ordered the arrest of the defendant, and also that the arresting officer should levy on a sufficient amount of the defendant's property to pay the costs of the proceeding in the event of his conviction. The sheriff arrested the defendant and levied on a mule to satisfy the costs. On the hearing, objection was made to the affidavit and warrant for irregularities, and also to certain rulings in regard to the admission of testimony. The justice required the defendant to give a bond to keep the peace. The defendant carried the case to the superior court by *certiorari*. On the hearing, the court ruled that a *certiorari* would not lie to such proceedings, and dismissed it. The defendant excepted.

J. L. WIMBERLY & SON; E. H. BEALL; R. F. WATTS, for plaintiff in error.

No appearance for defendant

HALL, Justice.

We agree with the judge of the superior court that a *certiorari* does not lie to proceedings before a justice of the peace, binding over a party to the superior court, arrested upon a warrant either to keep the peace or for his good behavior. While we know of no precedent or authority for inserting in such a warrant a direction to the arresting officer to levy upon and hold the property of the defendant for the payment of costs in case of conviction, and if he does so levy and proceed to sell the property seized, as seems to have been the case here, it is without lawful warrant or authority, we are yet of opinion that the writ of *certiorari* is not the proper remedy to restrain this excessive exercise of power.

It is true that in *Hayden vs. The State,* 40 *Ga.,* 476, it was decided that, while the judgment of a committing court that the defendant be committed, or give bond, could not be corrected by the superior court by *certiorari,* yet if a magistrate, after a hearing, orders a prisoner to be committed, or give bond to appear at the superior court to answer, and gives judgment against him for costs other than such as his own witnesses may exact, such judgment is illegal and may be corrected by *certiorari,* yet this was in a proceeding for bastardy, in which the case might have been ended before the magistrate by defendant's entering into a recognizance for the maintenance of the bastard child. In the case of a peace warrant or warrant for good behavior, however, there could be no such termination of the suit in the magistrate's court; the bond has to be returned to the next term of the superior court, where it expires by its own limitation, unless it is continued upon good cause shown. The whole matter is thus remitted to that tribunal, and it may look into the case, and thus correct any errors in the proceeding. Code, §§4749 *et seq.* In this case, there was no judgment of the court authorizing the seizure and sale of the defend-

ant's property. The command to that effect before the hearing was a bare usurpation or excess of authority, which we think could not be corrected by a *certiorari;* and if the sale could not be stopped by an affidavit of illegality, which, to say the least, is, perhaps, doubtful, then we are quite confident that this can be effected by a writ of prohibition, which lies to arrest illegal proceedings by any court or officer when no other legal remedy or relief is given; its granting or refusal is governed by the same principles of right, necessity and justice as obtain in other cases. Code, §3209(a). We are quite agreed with the enforcement of the policy which prohibits magistrates from exacting costs from parties before the arrival of the time for claiming them, or upon conditions other than those prescribed by the law. There are remedies against such extortionate demands, which may and ought to be resorted to whenever a clear case of such oppression is made out. We do not intimate, however, that such was the case here; the act complained of may have been an honest error of judgment, for which the party would incur no penal liability.

Judgment affirmed.