## SHIRLEY *v.* TERRELL, for use, etc.

In a suit against the obligor and his sureties in a peace bond given in proceedings upon the Penal Code, § 1238, for a breach of the same, judgment for the full amount of the penalty stipulated in the bond will be awarded against the defendant and his sureties in case of a recovery.

FEBRUARY 18, 1910.

Action upon bond.　Before Judge Kimsey.　Rabun superior court.　December 21, 1908.

*H. H. Dean,* for plaintiff in error.

*T. L. Bynum* and *W. S. Paris,* contra.

BECK, J.　The Penal Code, §1238, provides, that "Upon the information of any person, under oath, that he is in fear of bodily harm to himself or his family, from another, or of violent injury to his property, any of the judicial officers before named may issue his warrant against such other person, requiring his arrest; and if, upon the return thereof, the court is satisfied, upon hearing the evidence of both parties, that probable cause for such fear exists, he may require the accused to give bond, with good security, to keep the peace, as against the person, family, and property of the affiant; and, on failure to give the bond, shall commit him to jail." Under the provisions of this section of the code M. L. Shirley was required to give a bond to keep the peace as against the person, family, and property of L. N. Shirley.　The amount of the bond was $200.　For an alleged breach of this bond suit was brought in the name of the Governor for the use of L. N. Shirley, at whose instance the bond was required.　Upon the trial of the case, evidence having been introduced to show the breach of the bond, the court charged the jury, as a part of his instructions to them: "If

you believe there was any breach of the bond before suit, I charge you that the plaintiff is entitled to recover the full amount; that would be the penal sum of $200. If the plaintiff is entitled to recover at all, he is entitled to recover the penal sum mentioned in the bond. If you find in favor of the plaintiff, your finding would be, 'we the jury find in favor of the plaintiff $200 as damages, with cost of suit.' " The only error of law complained of in the trial of the case is assigned upon this charge; and it is insisted that the court should not have instructed the jury as to the amount recoverable in this action, but should have permitted the jury to assess the damages in case of a recovery by the plaintiff. Counsel for plaintiff in error bases his contention upon the Civil Code, §§ 3795, 5345, and upon certain decisions of this court in which are discussed the question as to whether bonds given by one party to a contract, to indemnify the other party as against any breach of the contract, should be treated as providing for liquidated damages or penalties, and whether or not upon a breach of the contract the full amount of the bond is recoverable in an action instituted thereon, or the amount of damnification is to be left, upon evidence, for determination by a jury. The provisions of the code sections referred to are not applicable to bonds like that which is involved in the present case. This bond is not official in its nature, and could hardly be called a voluntary bond. It was given at the instance of the complainant in this suit, and it was required as a result of proceedings instituted by him; and when the justice of the peace before whom the proceedings to require the bond was had rendered judgment requiring the party named in the peace warrant to give the bond, the latter had but one alternative left him, and that was to be imprisoned in the common jail. As the bond could in no sense be called a voluntary or an official bond, and is not a bond to indemnify against a breach of a contract, the result of its forfeiture is not controlled or limited by the provisions of the code and decisions referred to above and others involving similar questions. But when we consider the terms of the bond itself, or the context of that section of the Penal Code which provides for the requiring and giving of such a bond, and the common-law authorities wherein the nature of similar bonds or recognizances, and proceedings to forfeit the same, and the result of the forfeiture are dealt with and treated, it becomes apparent that the peace bond which may be required in

proceedings before a justice of the peace, upon proper application therefor and proper evidence to support the same, is more in the nature of a bond or recognizance required by a justice of the peace and other judicial officers, upon holding courts of inquiry, when bail is required of a person accused of crime for his subsequent appearance to answer such charges as may be preferred against him in another tribunal having jurisdiction to try the offense with which he is charged. In Hawkins' treatise on "Pleas of the Crown," a bond in every way similar to the one involved in the instant case is referred to as a recognizance, and the procedure to forfeit the same is clearly analogous to the procedure in our courts to forfeit the recognizance in criminal cases; there it is said: "If it be taken in pursuance of a writ of supplicavit, it must be wholly governed by the directions of such writ; but if it be taken before a justice of the peace, upon complaint below, it seems that it may be regulated by the discretion of such justice, both as to the number and sufficiency of the sureties, and the largeness of the sum, and the continuance of the time, for which the party shall be bound. And it hath been said, that a recognizance to keep the peace as to A.B. for a year, or for life, or without expressing any certain time (in which case it shall be intended to be for life), or without fixing any time or place for the party's appearance, or without binding him to keep the peace against all the king's people in general, is good." 1 Hawk. P. C. 482. And the same author (page 483) treating of the procedure upon such bond says: "It seemeth that in a scire facias upon such a recognizance, it is sufficient to lay the fact alleged for the breach thereof, as having been done *contra pacem,* without using the words *vi et armis.*" It was also the rule at common law: "This recognizance, if taken by a justice of the peace, must be certified to the next sessions, in pursuance of the statute 3 Hen. VII, c. 1, and if the condition of such recognizance be broken, by any breach of the peace in one case, or any misbehavior in the other, the recognizance becomes forfeited or absolute; and, being *estreated* or extracted (taken out from among the other records) and sent up to the exchequer, the party and his sureties, having now become the king's absolute debtors, are sued for the several sums in which they are respectively bound. Any justices of the peace, by virtue of their commission, or those who are *ex officio* conservators of the peace, as was mentioned in a former

volume, may demand such security according to their own discretion, or it may be granted at the request of any subject, upon due cause shewn, provided such demandant be under the king's protection." 4 Bl. Com. 253.

In view of these authorities there can be no doubt that when a bond or recognizance in the nature of a peace bond was estreated, judgment against the obligor and the sureties for the full amount named in the bond was rendered; for the suit was brought, not for any amount that the party at whose instance the bond was required may have been damnified, but for the amount of the bond itself. And in the few adjudicated cases involving this question, the same rule has been laid down as that which prevailed at common law. In the case of Lawton *v.* State, 5 Texas, 272, the exact point is ruled: "A bond to keep the peace, and to appear at the next term of the district court there to answer, etc., is valid; and the whole penalty is recoverable upon the failure to fulfil either condition." In the case of Crump *v.* People, 2 Colo. 316, an action of debt was instituted against Crump for the breach of the condition in a recognizance, it being averred-that the said Crump had not kept and preserved the peace towards one Ira Thompson, by making threats, etc. Judgment was rendered against Crump and the sureties for the full amount named in the bond. In the opinion of the court it was said: "It is further claimed that the court erred in allowing final judgment to be entered in the cause for the quantity of said recognizance, without a writ of inquiry, and without evidence and assessment of damages by a jury. It may be said that in legal estimation a penalty is a debt. In this case the amount of the debt is stated. No computation or assessment was required. There could be nothing for a jury to determine." While the adjudicated cases deciding this question are not numerous, other authorities might be cited supporting the rule which we have laid down in this case; and our attention has not been called to any authority supporting an adverse doctrine.

*Judgment affirmed. All the Justices concur.*