RHODES *v.* PEARCE, sheriff.

624

No. 13105.   February 14, 1940.

*J. W. Dennard, H. B. Sutton,* and *McDonald & McDonald,* for plaintiff.

*Allan C. Garden, solicitor-general,* contra.

ATKINSON, Presiding Justice. ■ It is declared in the Code,

§ 50-116, that no person shall be discharged upon the hearing of a writ of habeas corpus "1. Where he is imprisoned under lawful process issued from a court of competent jurisdiction, unless in cases where bail is allowed and proper bail is tendered. 2. By reason of any irregularity in the warrant or commitment, where the same substantially conforms to the requirements of this Code; nor for want of bond to prosecute. . . 6. In any other case where it appears that the detention is authorized by law." In the Code, § 50-117, it is declared: "If the party shall be detained upon a criminal charge, and it shall appear to the court that there is probable cause for his detention, he shall not be discharged for any defect in the affidavit, warrant, or commitment, until a reasonable time shall have been given to the prosecutor to remedy the defect by a new proceeding." In the Code, § 27-401, it is declared: "Any judge of the superior or county court, or justice of the peace, or city or town officer, who may be ex-officio justice of the peace, may hold a court of inquiry to examine into an accusation against a person legally arrested and brought before him. The time and place of such inquiry shall be determined by him." The Code, § 27-106, declares: "No judicial officer, except a judge of the superior court, shall issue a special warrant for arrest, returnable only before himself; nor shall any judge issue such warrant out of his own judicial circuit. In such cases the warrant, though special, shall be treated as a general warrant." In the Code, § 76-101, it is declared: "Any judicial officer authorized to hold a court of inquiry may, upon the information of others, under oath, or on his own motion, issue his warrant against any person in the county whose conduct is such as to justify the belief that the safety of any one or more of the citizens of the county, or the peace or the property of the same, is in danger of being injured or disturbed thereby; and upon the return of the warrant, the court in its discretion may require from such person a bond with sureties for his good behavior until the next term of the superior court of the county." In the Code, § 76-201, it is declared: "Upon the information of any person, under oath, that he is in fear of bodily harm to himself or his family, from another, or of violent injury to his property, any judicial officer authorized to hold a court of inquiry may issue his warrant against such other person, requiring his arrest; and if, upon the return thereof, the court is satisfied, upon hearing the

evidence of both parties, that probable cause for such fear exists, he may require the accused to give bond, with good security, to keep the peace as against the person, family, and property of the affiant, and, on failure to give the bond, shall commit him to jail."

These two last-mentioned sections of the Code are penal statutes, and are to be strictly construed in favor of the individual against whom they are sought to be applied. In proper cases both may be applied by the judge of the superior court, because both authorize "any judicial officer" to act who is "authorized to hold a court of inquiry," and by other sections of the Code quoted above a judge of the superior court is authorized to hold a court of inquiry and he alone is authorized to issue a warrant returnable only to himself. § 76-101, authorizes the judge in the circumstances therein recited "upon the information of others, under oath, or on his own motion," to issue a warrant against "any person in the county whose conduct is such as to justify the belief that the safety of any one or more of the citizens of the county . . is in danger of being injured," etc., and upon return of the warrant he may in his discretion require from the person "a bond with sureties for his good behavior until the next term of the superior court of the county." It does not, however, provide for arrest or commitment of the individual to jail or any other remedy if he refuses to give bond. The Code, § 76-201, omitting any authority of the judge to act on his own motion, provides for issuance of a warrant and arrest upon the information of any person under oath "that he is in fear of bodily harm to himself or his family," etc. by such person. It also provides for a hearing to the offender upon return of the officer, and if the court is satisfied from "the evidence of both parties that probable cause for such fear exists, he may require the accused to give bond, with good security, to keep the peace as against the person, family, and property of the affiant, and, on failure to give the bond, shall commit him to jail."

In the instant case the judge of the superior court, on his own motion and on recommendation of the grand jury in their general presentments, but not on oath or affirmation of any person, issued a warrant for the arrest of George Rhodes and discharge on his own recognizance to appear before the judge at a stated time and place "to be dealt with as provided by law." This action by the judge was stated to be under the provisions of the said Code,

§ 76-101. The defendant appeared and was afforded a hearing "at which evidence was offered and the testimony of various witnesses heard under oath, and after argument of the attorneys the judge granted an order in part as follows: "It is further ordered that George Rhodes be and he is hereby required to give bond in the sum of $500 for his good behavior until the next term of the superior court of Wilcox County, Georgia, as against the person of C. W. Gillespie, and also as against the peace, property, or family of said C. W. Gillespie. . ." The defendant George Rhodes did not give bond as required by this order, and the sheriff arrested him and put him in jail.

In response to the writ of habeas corpus sued out by George Rhodes the sheriff produced him before the habeas-corpus court, and in support of the detention offered the above judgment of the court in the peace-warrant proceeding supplemented by his answer showing a hearing and introduction of evidence as above stated preliminary to the judgment. The habeas-corpus case was submitted on the respective pleadings that showed no conflict of evidence. On habeas corpus the Code, § 76-101, can not sustain the judgment committing the applicant to jail, because that statute does not provide that penalty. This result does not apply to the Code, § 76-201, which provides for requirement of bond, and imprisonment on failure to give the bond. According to the provisions of the Code, § 76-201, a formal preliminary affidavit was not made, consequently George Rhodes was not formally brought into court. But he came and was heard and testimony was delivered on oath on which the judge acted and required such bond and imposed such penalty as that section of the Code provided. In these circumstances there was substantial compliance with the Code, § 76-201, affording jurisdiction for the judge to enter the judgment which he rendered in the peace-warrant proceeding. It was an irregularity to issue the warrant in the first instance not on the information on oath of C. W. Gillespie rather than by evidence at the subsequent hearing, but such irregularity will not prevent jurisdiction so as to render the judgment of committal void and the prisoner entitled to discharge on habeas corpus. The judgment remanding the prisoner to the custody of the sheriff, being proper, should not be reversed because based on the wrong reason.

■ The ruling announced in the second headnote does not require elaboration.

*Judgment affirmed. All the Justices concur, except Reid, C. J., and Duckworth, J., who dissent.*

DUCKWORTH, J., dissenting. It is provided in the Code, § 76-101: "Any judicial officer authorized to hold a court of inquiry may, upon the information of others, under oath, or on his own motion, issue his warrant against any person in the county whose conduct is, such as to justify the belief that the safety of any one or more of the citizens of the county, or the peace or the property of the same, is in danger of being injured or disturbed thereby; and upon the return of the warrant, the court in its discretion may require from such person a bond with sureties for his good behavior until the next term of the superior court of the county." This section of the Code being penal in character must be strictly construed. Under such construction it does not provide that any judicial officer authorized to hold an inquiry (in this case a judge of the superior court) may issue a warrant *for arrest* of a person or to *commit* such person *to jail* for failure to give a peace bond as provided by the statute. Where a judge of the superior court, proceeding under this section of the Code, issues a warrant requiring the arrest of a party and his appearance at a stated time and place before the judge, to be dealt with according to law, and at the time and place designated affords the party a hearing at which evidence is introduced and witnesses examined on oath, after which the party so arrested and appearing before the court is ordered to give bond and on failure to do so is committed to imprisonment in the jail, such order is unauthorized by the statute and is void for want of jurisdiction to order the arrest and commitment to jail. On habeas corpus proceedings instituted against the sheriff detaining the defendant in jail in virtue of such order of commitment on failure to give bond as provided therein, it was erroneous for the judge to refuse to discharge the prisoner and to remand him to the custody of the officer. If this section is construed to authorize arrest and imprisonment, it is repugnant to article 1, section 1, paragraph 16, of the constitution (Code, § 2-116), and the movant was entitled to discharge on this construction. Mr. Chief Justice Reid authorizes me to state that he concurs in this dissent.