29806.   RHODES *v.* GLENN.

DECIDED FEBRUARY 20, 1943.   REHEARING DENIED MARCH 19, 1943.

164

*McDonald & McDonald,* for plaintiff.

*J. W. Dennard,* for defendant.

FELTON, J. (After stating the foregoing facts.) It will be noted that in the petition for habeas corpus the requirements of

the Code, § 50-102, were strictly complied with. It was held in *Jones* v. *Hill,* 17 *Ga. App.* 151 (87 S. E. 755), that one who is empowered to issue the writ is under duty to do so if the petition contains the requisite matter, is in due form, duly authenticated, duly presented, and does not show on its face that the imprisonment is in fact legal; and it was further held (see concurring opinion of the majority of the court at page 159) that a judge who refuses to grant a writ of habeas corpus does so at his peril, which means that if a judge is mistaken in his prophesy that the court of last resort will agree with him that the petition is so defective as to warrant a refusal of the writ, he will be subject to the penalty provided in Code, § 50-105. The petition in this case showed an illegal detention, and upon proof of the facts alleged the petitioner was entitled to his liberty. *Rhodes* v. *Pearce,* 189 *Ga.* 623 (7 S. E. 2d, 251). The ordinary erred in refusing to grant the writ, and under the decision cited is subject to the penalty. The defendant contends that he was placed in the position of subjecting himself to a statutory penalty if he refused to grant the writ and punishment for contempt of court if he granted it. We can not agree to this contention. The grant of the writ could in no event subject the officer granting it to punishment for contempt. The same would seem to apply with greater force to a judicial action upon a trial of the issues. The ordinary in this case seems to have been under the impression that he was powerless to overrule an order of the judge of a court of superior jurisdiction. We are in complete sympathy with the spirit of the ordinary's decision, and admire his respect for superior authority, but in his action and reason therefor he was mistaken; and however harsh the penalty may seem, this court is powerless to grant him any relief. In *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (7), 317 (43 S. E. 780, 61 L. R. A. 739), it was held: "The fact that the application may show that the person held in custody is detained under a void sentence of the superior court would not prevent the judge of a city court, having power to grant the writ, from taking jurisdiction of the proceeding." The court stated: "We are not aware of any difference in rank among the various judges of the State, when acting as habeas corpus judges." Under the authorities cited, the court erred in sustaining the demurrer and in dismissing the action.

*Judgment reversed.* *Stephens, P. J., and Sutton, J., concur.*