44348. DUKES v. DUKES et al.

ARGUED MARCH 4, 1969—DECIDED JUNE 20, 1969.

*Frank F. Faulk, Jr.,* for appellant.
*Smith, Gardner, Wiggins, Geer & Brimberry, Peter Zack Geer,* for appellees.

BELL, Presiding Judge. An Act of 1827 "regulating the proceedings on bonds taken for the security of the peace" (Cobb's Digest, pp. 859, 860) made it the duty of any judicial officer who took a peace bond to return the bond together with the affidavit and other evidence to the next term of the superior, inferior or city court, whichever sat first. And it was the duty of the officer prosecuting for the State in that court, on the first day of the term or as soon afterwards as possible, to move the judge to take the case into consideration. Another Act, passed in 1850 (Cobb's Digest, p. 865), made it the duty of the committing officer to hear evidence before exacting a peace bond and also permitted the accused to introduce evidence to show there was no just ground for the warrant.

In the absence of waiver (*Hall v. Browning,* 71 Ga. App. 835, 836 (32 SE2d 424)), the law still requires that the accused be given a preliminary hearing. *Code Ann.* § 76-201. On these procedural details see *Keith v. State,* 27 Ga. 483, 484. From the Code of 1863 to the present Code, Title 76, statutory provisions for good behavior bonds and for peace bonds have not been changed. The details of the Act of 1827 were not incorporated in any of the Codes, but that Act demonstrates that it was never intended that proceedings of this kind terminate before the committing officer. Under the several Codes there is a "continuing intimation" that peace bonds are to be returned to and finally acted upon by superior courts and that cases of this kind are to be treated as criminal cases; since the adoption of the Code of 1863, peace bonds have been returnable to superior courts only. *Levar v. State,* 103 Ga. 42, 45 (29 SE 467). See also *Stephens v. Wallis,* 75 Ga. 726, 727.

A bond for good behavior may be extended from term to term at the discretion of the superior court judge; "if not extended, it shall expire with the session of the court." *Code* § 76-103. With reference to peace bonds, *Code* § 76-204 provides: "The superior court may, at any time, discharge the bond, unless there shall be a motion to extend it, accompanied by evidence to satisfy the court of the necessity of such extension." The Code contains no express provision for the automatic expiration of peace bonds as it does for good behavior bonds. However, sound reason militates that unless discharged or extended by the court, a peace bond must and does expire automatically like a good behavior bond. The result otherwise would be perpetual obligation on the bond. "The bond has to be returned to the next term of the superior court, where it expires by its own limitation, unless it is continued for good cause shown." *Stephens v. Wallis,* 75 Ga. 726, 727, supra.

Proceedings under *Code Title* 76 are criminal or quasi-criminal in nature, and the provisions of that Title therefore must be construed in favor of the individual against whom they are applied. *Rhodes v. Pearce,* 189 Ga. 623, 627 (7 SE2d 251). We believe it is essential to the validity of a peace bond or good behavior bond that the proceedings be returned to the next

term of the superior court after the bond is given and that failure to make the return on time vitiates the obligation. When this case was tried, five full terms of the superior court had passed since the bond was exacted, and the proceedings still had not been returned to the superior court, long after the time when the bond would have expired automatically. The bond was void at the time of the alleged violation, and a verdict for defendant was demanded.

Albeit obiter we wish to caution that a county sheriff has no authority to accept a peace bond, as he does a bond in a misdemeanor case, in the absence of an order of the committing officer rendered after judicial inquiry or after the accused has waived his right to a preliminary hearing. The exaction of a peace bond based upon the warrant only would be void ab initio.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*