## 30916. TURNER v. AUSTIN.

UNDERCOFLER, Presiding Justice.

Jack Douglas Turner attacked the constitutionality of Code Ann. § 76-201 (Ga. L. 1962, pp. 121, 122; 1974, pp. 322, 323) and alleged that he was required to execute a peace bond on September 13, 1975, in order to be released from the custody of the respondent sheriff. The trial court granted the motion to dismiss the habeas corpus application for failure to state a claim. The appeal is from

this judgment. *Held:*

The respondent argues that the questions raised in this appeal are moot since the peace bond dated September 13, 1975, was not returned to the next term of Barrow Superior Court which was in November 1975.

The appellant argues that the constitutionality of the statute should be decided under the decision of *Parris v. State,* 232 Ga. 687 (208 SE2d 493) (1974) and cits. We do not agree. The *Parris* case dealt with a purportedly void conviction and has no application to this case.

In *Dukes v. Dukes,* 119 Ga. App. 842, 843 (168 SE2d 902) (1969) it is said: " . . .[I]t is essential to the validity of a peace bond . . . that the proceedings be returned to the next term of the superior court after the bond is given and that failure to make the return on time vitiates the obligation." The question raised in this appeal is, therefore, moot.

*Appeal dismissed. All the Justices concur.*

ARGUED MARCH 9, 1976 — DECIDED APRIL 6, 1976.

*Sam S. Harben, Jr., Ellen Leitzer,* for appellant.
*Richard B. Russell, III, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.