31635. NEWBERRY v. THE STATE.

HILL, Justice.

J. M. Newberry appeals from an order of the Talbot Superior Court denying his motion to discharge a peace warrant issued against him.

Based upon a sworn affidavit dated March 2, 1976, a justice of the peace issued a peace warrant during the November term of court for the arrest of appellant. The appellant was arrested, posted the $1,000 bond required of him, and was released. On March 8, 1976, at the March term of court, the grand jury purported to "continue and extend the peace warrant against J. M. Newberry." On July 17, 1976, still during the March term, appellant filed a motion to discharge the peace warrant, raising constitutional questions. The superior court denied the motion.

Appellant attacks the constitutionality of Code Ann. § 76-201 authorizing peace warrants. That section provides in pertinent part as follows: "Upon the information of any person, under oath, that he is in fear of bodily harm to himself or his family, from another, or of violent injury to his property, any judicial officer authorized to hold a court of inquiry may issue his warrant against such other person, requiring his arrest; and if, upon the return thereof, the court is satisfied, upon hearing the evidence of both parties, that probable cause for such fear exists, he may require the accused to give bond, with good security, to keep the peace as against the person, family, and property of the affiant, and, on failure to give the bond, shall commit him to jail. . ." Appellant urges, among other grounds, that the section provides for the arrest of persons who are "feared" by others, without specifying any criminal conduct or acts justifying arrest, provides for incarceration of persons unable to post bond,

and provides for incarceration on less than a showing of guilt beyond a reasonable doubt. See "Criminal Procedure — Breach of the Peace — State Peace Bond Statute Establishes Criminal Proceedings and Must Satisfy Requirements of Due Process and Equal Protection Clauses," 24 Vand. L. Rev. 405 (1971).

We do not reach the constitutional issues raised because we find that the trial court's order must be reversed for a different reason. The district attorney concedes in his brief that the bond was not properly returned to the superior court and that the court did not extend the peace bond.

The procedure for return of a peace warrant is described in *Lavar v. State,* 103 Ga. 42, 43 (29 SE 467) (1897): "The Act of December 24th, 1827, 'regulating the proceedings on bonds taken for the security of the peace' (embodied in Cobb's Digest, pp. 859, 860), made it the duty of any judge of the inferior court, or justice of the peace, by whom a peace bond was required, to return the same, together with the affidavit or affidavits and other evidence in the case, to the next term of the superior, inferior, or city court which might first thereafter hold its sitting. The Act further made it the duty of the officer prosecuting for the state, in the court to which the bond was returned, on the first day of the term or as soon thereafter as he could be heard, to move the judge or judges presiding to take the same into consideration; and also made it the duty of such judge or judges to examine the evidence so returned and presented, and, if of the opinion that there was no sufficient ground for requiring the bond, to cause the same to be canceled..." The peace warrant and bond are to be returned on the first day of the term or as soon thereafter as possible, and are to be heard by the judge, not the grand jury.

Timely return to the superior court is mandatory. "In the case of a peace warrant or warrant for good behavior ... the bond has to be returned to the next term of the superior court, where it expires by its own limitation, unless it is continued upon good cause shown." *Stephens v. Wallis,* 75 Ga. 726, 727 (1885). "We believe it is essential to the validity of a peace bond or good behavior bond that the proceedings be returned to the next term of the

superior court after the bond is given and that failure to make the return on time vitiates the obligation." *Dukes v. Dukes,* 119 Ga. App. 842, 843 (168 SE2d 902) (1969). See also *Turner v. Austin,* 236 Ga. 607, 608 (225 SE2d 20) (1976).

From the foregoing it is clear that due to its insufficient return in the superior court, the bond in this case had expired at the time appellant moved that it be discharged.[1] The bond having been discharged as a matter of law, the trial court erred in overruling appellant's motion to discharge the peace bond.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED JANUARY 4, 1977.

*Grogan, Jones, Layfield & Swearingen, John C. Swearingen, Jr.,* for appellant.

---

[1] The district attorney urges that this appeal should be dismissed as moot under the authority of *Turner v. Austin,* supra. Turner sought habeas corpus as to a peace warrant and bond which had expired by reason of no return. Such expired warrant imposed no restraint on Turner dischargeable in habeas corpus. In the case before us, the bond continues to be a matter of record in the court below and thus this appeal cannot be dismissed as moot.