35681. MULLING et al. v. WILSON et al.

CLARKE, Justice.

This suit was brought by MacArthur Wilson on behalf of himself and all others similarly situated as a constitutional challenge to the Georgia peace bond procedures, Code Ann. § 76-201 et seq. The amended complaint seeks injunctive and declaratory relief under state law and 42 USC 1983 against the chief judge of the municipal court and the sheriff and chief jailer of Chatham County.

Wilson had been found guilty on an assault charge in the Recorder's Court of Chatham County and sentenced to thirty days in jail or a $100 fine. On September 28, 1978, the victim of the assault took out a peace warrant before

the defendant Mulling, Judge of the Municipal Court of Savannah, and an arrest warrant was issued pursuant to Code Ann. § 76-201. This warrant was served while Wilson was incarcerated under the assault charge, and he was retained in jail even though the $100 fine had been paid because he did not post an appearance bond on the peace warrant. On September 29, 1978, a hearing was held and Judge Mulling set a peace bond of $5,000. Wilson alleges he was financially unable to post any bond and was therefore committed again to jail. On November 1, 1978, Wilson filed this equitable petition and on November 2, 1978, Judge Mulling terminated the peace bond, releasing Wilson.

Defendants moved to dismiss the complaint on several grounds, asserting the court did not have equitable jurisdiction, that the action was moot and that the case was not a proper class action. The trial court denied the motion to dismiss, and defendants appeal.

The first question to be determined is whether the case is moot since Wilson was released by Judge Mulling pursuant to Ga. L. 1969, pp. 2857, 2860, Sec. 5, which gives the Municipal Court of Savannah the authority to review and dispose of peace warrants concurrently with the superior courts of the state.

The trial court found that even though the peace bond was terminated, the case was not moot. This ruling was based on the principle pronounced in Gerstein v. Pugh, 420 U. S. 103 (95 SE 854, 43 LE2d 54) (1975), and in Sosna v. Iowa, 419 U. S. 393 (95 SC 553, 42 LE2d 532) (1975), that there are certain classes of cases which are "capable of repetition yet evading review." Gerstein was a class action challenging the Florida procedure of incarceration on a prosecutor's information for up to 30 days without a preliminary hearing. By the time the case had been appealed, the pretrial detention was terminated and the named plaintiffs had been convicted. The court noted that pretrial detention was by its nature temporary, which is also true of most peace bond cases since the bond automatically expires at the end of the next term of court unless good cause is shown for extension. *Dukes v. Dukes,* 119 Ga. App. 842 (168 SE2d 902) (1969). However, the court in Gerstein also discussed prior Florida decisions

which held that a prosecutor's information foreclosed any right to a preliminary hearing and that habeas corpus could not ordinarily be used to challenge probable cause in those situations. Legality of pretrial detention is an issue which could not have been raised as a defense in the criminal prosecution and would therefore constantly evade review.

This court held in *Baker v. State,* 240 Ga. 431 (241 SE 2d 187) (1978), that where an accused is eligible for bail pending appeal the case would not fall within the rule of Gerstein. The notice of appeal will act as supersedeas where a defendant is admitted to bail, and the case could not be of a character which ". . . inevitably becomes moot prior to an appeal. . ." Id. at 432.

A writ of certiorari will lie in the superior courts to review errors of law in an inferior court, Code Ann. § 19-101, and must be applied for within thirty days of the entry of the judgment complained of. Code Ann. § 19-209. Judgment was entered against Wilson by defendant Mulling on September 28, 1978, and this suit was filed in superior court on November 2, 1978. Code Ann. §§ 19-214, 19-215 and 19-216 provide for supersedeas of judgment in quasi-criminal cases to allow review by certiorari and on appeal either by the filing of a bond or a pauper's affidavit.

The peace bond statute itself provides in § 76-204 that the superior courts have the authority to discharge a peace bond "at any time." A denial of a motion to discharge a peace bond is reviewable by the appellate courts of this state. *Newberry v. State,* 238 Ga. 134 (231 SE 2d 739) (1977). Mr Wilson's case evaded review because he did not pursue those or any other remedies he may have had. Since procedures are available to those persons seeking a review of the issuance of a peace bond, we find this action does not fall within that class of cases which would inevitably evade review. Accordingly, we hold that defendants' motion to dismiss should be granted on the ground of mootness.

*Judgment reversed. All the Justices concur, except Jordan; P. J., who concurs in the judgment only.*

ARGUED JANUARY 15, 1980 — DECIDED APRIL 22, 1980.

*Molly S. McKibben, Anton F. Solms, Jr., John F. M. Ranitz, Jr.,* for appellants.

*Brian Rogal, John L. Cromartie, Jr., Rose E. Firestein,* for appellees.